1   Regina A. Petty (SBN 106163)
2   *rpetty@laborlawyers.com*
    FISHER & PHILLIPS LLP
3   4747 Executive Drive, Suite 1000
    San Diego, California 92121
4   Tel: (858) 597-9600
    Fax: (858) 597-9601
5
6   Katarzyna W. Nowak (SBN 256977)
    *knowak@laborlawyers.com*
7   FISHER & PHILLIPS LLP
    One Embarcadero Center, Suite 2050
8   San Francisco, California 94111
    Tel: (415) 490-9000
9   Fax: (415) 490-9019

10
    Attorneys for Defendant, BOBBY O. HAYNES SR. and CAROL R. HAYNES FAMILY
11  LIMITED PARTNERSHIP dba McDONALD'S (Erroneously Sue as "Bobby O. Haynes and
    Carole R. Haynes Family Limited Partnership d/b/a McDonald's")
12

13                      **UNITED STATES DISTRICT COURT**

14          **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

15  GUADALUPE    SALAZAR,    GENOVEVA        Case No.: 3:14-cv-02096-JCS
    LOPEZ, and JUDITH ZARATE, on behalf of
16  themselves and all others similarly situated,   *Removed from Alameda County Superior*
                                                    *Court, Case No. RG14717081, Hon. Wynne*
17                  Plaintiffs,                      *Carvill*

18                                                  **[CLASS ACTION]**

19                  vs.                             **ANSWER OF DEFENDANT BOBBY O.**
                                                    **HAYNES AND CAROL R. HAYNES**
20  MCDONALD'S     CORP.,    a    corporation,      **FAMILY LIMITED PARTNERSHIP TO**
    MCDONALD'S U.S.A., LLC, a limited              **PLAINTIFFS' FIRST AMENDED**
21  liability   company,   MCDONALD'S             **COMPLAINT**
    RESTAURANTS OF CALIFORNIA, INC., a
22  corporation, BOBBY O. HAYNES AND
    CAROLE R. HAYNES FAMILY LIMITED
23  PARTNERSHIP    d/b/a   MCDONALD'S   a          Complaint Filed: March 12, 2014
    limited partnership, and DOES 1 through 100,   Amended Complaint Filed: November 7, 2014
24  inclusive,                                     Trial Date: Not Set

25                  Defendants.

26

27  ///

28  ///

                                            DOCKET NO. 3:14-cv-02096-JCS
    HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    Comes now Defendant Bobby O. Haynes Sr. and Carol R. Haynes Family Limited

2  Partnership d/b/a McDonald's, severing itself from all other parties and answers Plaintiffs' First

3  Amended Complaint as follows:

4                    **INTRODUCTION**

5    1.    In response to paragraph 1 of the Complaint, Defendant denies that it failed to

6  pay all wages due to any employee. Defendant does not admit or deny the statements,

7  conclusions or argument set forth in the paragraph which do not constitute allegations of fact

8  sufficient to state a claim.

9    2.    In response to paragraph 2 of the Complaint, Defendant denies that it failed to

10  pay all wages due to any employee. Defendant does not admit or deny the statements,

11  conclusions or argument set forth in the paragraph which do not constitute allegations of fact

12  sufficient to state a claim.

13    3.    In response to paragraph 3 of the Complaint, Defendant denies that it failed to

14  pay all wages due to any employee. Defendant does not admit or deny the statements,

15  conclusions or argument set forth in the paragraph which do not constitute allegations of fact

16  sufficient to state a claim.

17    4.    In response to paragraph 4 of the Complaint, Defendant denies that it failed to

18  pay all wages due to any employee. Defendant does not admit or deny the statements,

19  conclusions or argument set forth in the paragraph which do not constitute allegations of fact

20  sufficient to state a claim. Defendant denies that it failed to pay minimum wage or above and

21  any other applicable pay to Defendant's employees.

22    5.    In response to paragraph 5 of the Complaint, Defendant denies that it failed to

23  pay all wages due to any employee. Defendant does not admit or deny the statements,

24  conclusions or argument set forth in the paragraph which do not constitute allegations of fact

25  sufficient to state a claim. Defendant denies that McDonald's controls the terms or conditions of

26  employment of Defendant's employees.

27    6.    In response to paragraph 6 of the Complaint, Defendant denies that it failed to

28  pay all wages due to any employee. Defendant does not admit or deny the statements,

1   conclusions or argument set forth in the paragraph which do not constitute allegations of fact

2   sufficient to state a claim. Defendant denies that it failed to pay minimum wage or above and

3   any other applicable pay to Defendant's employees.

4        7.    In response to paragraph 7 of the Complaint, Defendant denies that it failed to

5   pay all wages due to any employee. Defendant does not admit or deny the statements,

6   conclusions or argument set forth in the paragraph which do not constitute allegations of fact

7   sufficient to state a claim. Defendant denies that it failed to pay minimum wage or above and

8   any other applicable pay to Defendant's employees.

9   **PARTIES**

10        8.    In response to paragraph 8 of the Complaint, Defendant is informed and believes

11   that the allegations are true and that the alleged wage rate is approximately correct.

12        9.    In response to paragraph 9 of the Complaint, Defendant is informed and believes

13   that the allegations are true.

14        10.    In response to paragraph 10 of the Complaint, Defendant is informed and

15   believes that the allegations are true.

16        11.    In response to paragraph 11 of the Complaint, Defendant denies that it failed to

17   pay all wages due to any employee.  Defendant denies that it failed to pay minimum wage or

18   above and any other applicable pay to Defendant's employees. Defendant does not admit or

19   deny the statements, conclusions or argument set forth in the paragraph which do not constitute

20   allegations of fact sufficient to state a claim.

21        12.    In response to paragraph 12 of the Complaint, Defendant does not admit or deny

22   the statements, conclusions or argument set forth in the paragraph which do not constitute

23   allegations of fact sufficient to state a claim.

24        13.    In response to paragraph 13 of the Complaint, Defendant does not admit or deny

25   the statements, conclusions or argument set forth in the paragraph which do not constitute

26   allegations of fact sufficient to state a claim.

27   / / /

28   / / /

14.     In response to paragraph 14 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

15.     In response to paragraph 15 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

16.     In response to paragraph 16 of the Complaint, Defendant admits the allegations.

17.     In response to paragraph 17 of the Complaint, Defendant admits they are owners.

18.     In response to paragraph 18 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

19.     In response to paragraph 19 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

20.     In response to paragraph 20 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

21.     In response to paragraph 21 of the Complaint, Defendant admits the allegations.

## JURISDICTION AND VENUE

22.     In response to paragraph 22 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

23.     In response to paragraph 23 of the Complaint, Defendant admits the allegations.

## GENERAL FACTUAL ALLEGATIONS

24.     In response to paragraph 24 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

25.    In response to paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26.    In response to paragraph 26 of the Complaint, Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.  Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

27.    In response to paragraph 27 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.

28.    In response to paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29.    In response to paragraph 29 of the Complaint, Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees. Defendant denies that McDonald's controls the terms or conditions of Employment of Defendant's employees. Defendant denies that McDonald's jointly operates Defendant's restaurants.

30.    In response to paragraph 30 of the Complaint, Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees. Defendant denies that McDonald's controls the terms or conditions of Employment of Defendant's employees. Defendant denies that McDonald's jointly operates Defendant's restaurants.

A.    **Plaintiffs' Work as McDonald's Crew Members**

31.    In response to paragraph 31 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

32.    In response to paragraph 32 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

33.    In response to paragraph 33 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

34.    In response to paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

B.    **Defendants' Wage Theft**

Alteration of Time Records

35.    In response to paragraph 35 of the Complaint, Defendant admits that it has an electronic timekeeping program. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.    Defendant denies that McDonald's jointly operates Defendant's restaurants.

36.    In response to paragraph 36 of the Complaint, Defendant admits the allegations.

37.    In response to paragraph 37 of the Complaint, Defendant admits the allegations.

38.    In response to paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

   a.    In response to paragraph 38a of the Complaint, Defendant denies each and every allegation contained therein.

   b.    In response to paragraph 38b of the Complaint, Defendant denies each and every allegation contained therein.

   c.    In response to paragraph 39c of the Complaint, Defendant denies each and every allegation contained therein.

   d.    In response to paragraph 39d of the Complaint, Defendant denies each and every allegation contained therein.

   e.    In response to paragraph 39e of the Complaint, Defendant denies each and every allegation contained therein.

Off-the-Clock Work

39.    In response to paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40.     In response to paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Defendant denies each and every allegation contained therein.

42.     In response to paragraph 42 of the Complaint, Defendant denies each and every allegation contained therein.

<u>Missed, Late and Shortened Meal Periods and Rest Breaks</u>

43.     In response to paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44.     In response to paragraph 44 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

45.     In response to paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46.     In response to paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47.     In response to paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48.     In response to paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49.     In response to paragraph 49 of the Complaint, Defendant denies each and every allegation contained therein.

50.     In response to paragraph 50 of the Complaint, Defendant denies each and every allegation contained therein.

51.     In response to paragraph 51 of the Complaint, Defendant denies each and every allegation contained therein.

52.     In response to paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein.

53.     In response to paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

54.     In response to paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

<u>Failure to Pay Overtime Rates</u>

55.     In response to paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56.     In response to paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57.     In response to paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

<u>Failure to Keep Accurate Records and Provide Accurate Itemized Wage Statements</u>

58.     In response to paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

59.     In response to paragraph 59 of the Complaint, Defendant denies each and every allegation contained therein.

<u>Failure to Indemnify Employees for Necessary Expenses</u>

60.     In response to paragraph 60 of the Complaint, Defendant denies each and every allegation contained therein.

<u>Retaliation</u>

61.     In response to paragraph 61 of the Complaint, Defendant admits that crew members wear uniforms and denies each and every other remaining allegation contained therein.

62.     In response to paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

63.     In response to paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

/ / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

**C.    McDonald's System and McDonald's Franchise**

64.    In response to paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

65.    In response to paragraph 65 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining allegation.

66.    In response to paragraph 66 of the Complaint, Defendant does not admit or deny the statements, conclusions, vague generalizations or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining allegation.

67.    In response to paragraph 67 of the Complaint, Defendant admits that it is an assignee of a franchise agreement. Defendant does not admit or deny the statements, conclusions, vague generalizations or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining allegation.

68.    In response to paragraph 68 of the Complaint, Defendant denies each and every allegation contained therein.

69.    In response to paragraph 69 of the Complaint, Defendant admits that there are national standards. Defendant does not admit or deny the statements, conclusions, vague generalizations or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining allegation.

70.    In response to paragraph 70 of the Complaint,  Defendant does not admit or deny the statements, conclusions, vague generalizations or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining allegation.

71.    In response to paragraph 71 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute

allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining allegation.

72.      In response to paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73.      In response to paragraph 73 of the Complaint, Defendant does not admit or deny the statements, conclusions, broad characterizations, compound assertions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim. Defendant lacks sufficient information or belief to respond to the allegations as framed and, on that basis, denies each and every other remaining allegation.

74.      In response to paragraph 74 of the Complaint and each subparagraph thereof, Defendant does not admit or deny the statements, conclusions, vague generalizations, broad characterizations, compound assertions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant lacks sufficient information or belief to respond to any remaining allegations as framed and, on that basis, denies each and every other remaining allegation.

a.      In response to paragraph 74a of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant lacks sufficient information or belief to respond to any allegations as framed and, on that basis, denies each and every other remaining allegation.

b.      In response to paragraph 74b of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant lacks sufficient information or belief to respond to any allegations as framed and, on that basis, denies each and every other remaining allegation.

c.      In response to paragraph 74c of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant lacks

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1   sufficient information or belief to respond to any allegations as framed and, on

2   that basis, denies each and every other remaining allegation.

3       d.      In response to paragraph 74d of the Complaint, Defendant does not

4   admit or deny the statements, conclusions or argument set forth in the paragraph

5   which do not constitute allegations of fact sufficient to state a claim.  Defendant

6   lacks sufficient information or belief to respond to any allegations as framed

7   and, on that basis, denies each and every other remaining allegation.

8       e.      In response to paragraph 74e of the Complaint, Defendant does not admit

9   or deny the statements, conclusions or argument set forth in the paragraph which

10   do not constitute allegations of fact sufficient to state a claim.  Defendant lacks

11   sufficient information or belief to respond to any allegations as framed and, on

12   that basis, denies each and every other remaining allegation.

13      f.      In response to paragraph 74f of the Complaint, Defendant does not admit

14   or deny the statements, conclusions or argument set forth in the paragraph which

15   do not constitute allegations of fact sufficient to state a claim.  Defendant lacks

16   sufficient information or belief to respond to any allegations as framed and, on

17   that basis, denies each and every other remaining allegation.

18      g.      In response to paragraph 74g of the Complaint, Defendant does not

19   admit or deny the statements, conclusions or argument set forth in the paragraph

20   which do not constitute allegations of fact sufficient to state a claim.  Defendant

21   lacks sufficient information or belief to respond to any allegations as framed

22   and, on that basis, denies each and every other remaining allegation.

23      h.      In response to paragraph 74h of the Complaint, Defendant does not

24   admit or deny the statements, conclusions or argument set forth in the paragraph

25   which do not constitute allegations of fact sufficient to state a claim.  Defendant

26   lacks sufficient information or belief to respond to any allegations as framed

27   and, on that basis, denies each and every other remaining allegation.

28   / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1          i.      In response to paragraph 74i of the Complaint, Defendant does not admit

2          or deny the statements, conclusions or argument set forth in the paragraph which

3          do not constitute allegations of fact sufficient to state a claim.  Defendant lacks

4          sufficient information or belief to respond to any allegations as framed and, on

5          that basis, denies each and every other remaining allegation.

6          j.      In response to paragraph 74j of the Complaint, Defendant does not admit

7          or deny the statements, conclusions or argument set forth in the paragraph which

8          do not constitute allegations of fact sufficient to state a claim.  Defendant lacks

9          sufficient information or belief to respond to any allegations as framed and, on

10          that basis, denies each and every other remaining allegation.

11     75.      In response to paragraph 75 of the Complaint, Defendant does not admit or deny

12 the statements, conclusions or argument set forth in the paragraph which do not constitute

13 allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining

14 allegation.

15 **D.    McDonald's Exercises Control Over Haynes Partnership' [sic] Operations,**

16         **Policies, Procedures and Personnel**

17         <u>McDonald's Oversees, Evaluates and Controls the Restaurants' Operations</u>

18         <u>Through the Use of Business Consultants and Other Agents</u>

19     76.      In response to paragraph 76 of the Complaint, Defendant does not admit or deny

20 the statements, conclusions, characterizations or argument set forth in the paragraph which do

21 not constitute allegations of fact sufficient to state a claim. Defendant denies that McDonald's

22 controls the terms or conditions of employment of Defendant's employees.  Defendant lacks

23 sufficient information or belief to respond to any allegations as framed and, on that basis,

24 denies each and every other remaining allegation.

25     77.      In response to paragraph 77 of the Complaint, Defendant does not admit or deny

26 the statements, conclusions or argument set forth in the paragraph which do not constitute

27 allegations of fact sufficient to state a claim. Defendant lacks sufficient information or belief to

28 / / /

1  respond to any allegations as framed and, on that basis, denies each and every other remaining

2  allegation.

3          78.      In response to paragraph 78 of the Complaint, Defendant does not admit or deny

4  the statements, conclusions or argument set forth in the paragraph which do not constitute

5  allegations of fact sufficient to state a claim. Defendant admits that it has had a business

6  consultant, but lacks sufficient information or belief to respond to any other allegations as

7  framed and, on that basis, denies each and every other remaining allegation.

8          79.      In response to paragraph 79 of the Complaint, Defendant denies each and every

9  allegation contained therein.

10         80.      In response to paragraph 80 of the Complaint, Defendant has insufficient

11  information or belief to admit or deny the allegations and, on that basis, denies the allegations.

12         81.      In response to paragraph 81 of the Complaint, Defendant does not admit or deny

13  the statements, conclusions or argument set forth in the paragraph which do not constitute

14  allegations of fact sufficient to state a claim.  Defendant denies that McDonald's controls the

15  terms or conditions of employment of Defendant's employees. Defendant has insufficient

16  information or belief to admit or deny remaining allegations and, on that basis, denies the

17  allegations.

18         82.      In response to paragraph 82 of the Complaint, Defendant does not admit or deny

19  the statements, conclusions or argument set forth in the paragraph which do not constitute

20  allegations of fact sufficient to state a claim.  Defendant denies that McDonald's controls the

21  terms or conditions of employment of Defendant's employees. Defendant has insufficient

22  information or belief to admit or deny remaining allegations and, on that basis, denies the

23  allegations.

24                  a.      In response to paragraph 82a of the Complaint, Defendant does not admit

25                          or deny the statements, conclusions or argument set forth in the paragraph which

26                          do not constitute allegations of fact sufficient to state a claim.  Defendant denies

27                          that McDonald's controls the terms or conditions of employment of Defendant's

28                          employees. Defendant has insufficient information or belief to admit or deny

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    any remaining allegations and, on that basis, denies the allegations.

2        b.        In response to paragraph 82b of the Complaint, Defendant does not

3    admit or deny the statements, conclusions or argument set forth in the paragraph

4    which do not constitute allegations of fact sufficient to state a claim.  Defendant

5    denies that McDonald's controls the terms or conditions of employment of

6    Defendant's employees. Defendant has insufficient information or belief to

7    admit or deny any remaining allegations and, on that basis, denies the

8    allegations.

9        c.        In response to paragraph 82c of the Complaint, Defendant does not admit

10   or deny the statements, conclusions or argument set forth in the paragraph which

11   do not constitute allegations of fact sufficient to state a claim.  Defendant denies

12   that McDonald's controls the terms or conditions of employment of Defendant's

13   employees. Defendant has insufficient information or belief to admit or deny

14   any remaining allegations and, on that basis, denies the allegations.

15       d.        In response to paragraph 82d of the Complaint, Defendant does not

16   admit or deny the statements, conclusions or argument set forth in the paragraph

17   which do not constitute allegations of fact sufficient to state a claim.  Defendant

18   denies that McDonald's controls the terms or conditions of employment of

19   Defendant's employees. Defendant has insufficient information or belief to

20   admit or deny any remaining allegations and, on that basis, denies the

21   allegations.

22       e.        In response to paragraph 82e of the Complaint, Defendant does not admit

23   or deny the statements, conclusions or argument set forth in the paragraph which

24   do not constitute allegations of fact sufficient to state a claim.  Defendant denies

25   that McDonald's controls the terms or conditions of employment of Defendant's

26   employees. Defendant has insufficient information or belief to admit or deny

27   any remaining allegations and, on that basis, denies the allegations.

28   / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

83.     In response to paragraph 83 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

84.     In response to paragraph 84 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

85.     In response to paragraph 85 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

McDonald's Exercises Control Over Haynes Partnership' [sic] Hiring, Wages, Discipline and Training of Restaurant Personnel

86.     In response to paragraph 86 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny the remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions, characterizations or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

/ / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    87.    In response to paragraph 87 of the Complaint and each subparagraph thereof,

2  Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies

3  that McDonald's controls the terms or conditions of employment of Defendant's employees.

4  Defendant does not admit or deny the statements, conclusions, vague generalizations, broad

5  characterizations or argument set forth in the paragraph which do not constitute allegations of

6  fact sufficient to state a claim.  Defendant has insufficient information or belief to admit or

7  deny the remaining allegations and, on that basis, denies the allegations.

8        1.    In response to paragraph 87(1) of the Complaint, Defendant denies that

9        McDonald's jointly operates Defendant's restaurants.  Defendant denies that

10       McDonald's controls the terms or conditions of employment of Defendants

11       employees. Defendant has insufficient information or belief to admit or deny

12       any remaining allegations and, on that basis, denies the allegations. Defendant

13       does not admit or deny the statements, conclusions or argument set forth in the

14       paragraph which do not constitute allegations of fact sufficient to state a claim.

15        2.    In response to paragraph 87(2) of the Complaint, Defendant denies that

16       McDonald's jointly operates Defendant's restaurants.  Defendant denies that

17       McDonald's controls the terms or conditions of employment of Defendant's

18       employees. Defendant has insufficient information or belief to admit or deny

19       any remaining allegations and, on that basis, denies the allegations. Defendant

20       does not admit or deny the statements, conclusions or argument set forth in the

21       paragraph which do not constitute allegations of fact sufficient to state a claim.

22        3.    In response to paragraph 87(3) of the Complaint, Defendant denies that

23       McDonald's jointly operates Defendant's restaurants.  Defendant denies that

24       McDonald's controls the terms or conditions of employment of Defendant's

25       employees. Defendant has insufficient information or belief to admit or deny

26       any remaining allegations and, on that basis, denies the allegations. Defendant

27       does not admit or deny the statements, conclusions or argument set forth in the

28       paragraph which do not constitute allegations of fact sufficient to state a claim.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

4.      In response to paragraph 87(4) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

5.      In response to paragraph 87(5) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.  Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

6.      In response to paragraph 87(6) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

7.      In response to paragraph 87(7) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions or argument set forth in the

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

paragraph which do not constitute allegations of fact sufficient to state a claim.

8.     In response to paragraph 87(7) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

9.     In response to paragraph 87(9) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

10.     In response to paragraph 87(10) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

11.     In response to paragraph 87(11) of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations. Defendant does not admit or deny the statements, conclusions or argument set forth in the

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    paragraph which do not constitute allegations of fact sufficient to state a claim.

2         12.     In response to paragraph 87(12) of the Complaint, Defendant denies that

3    McDonald's jointly operates Defendant's restaurants.   Defendant denies that

4    McDonald's controls the terms or conditions of employment of Defendant's

5    employees. Defendant has insufficient information or belief to admit or deny

6    any remaining allegations and, on that basis, denies the allegations. Defendant

7    does not admit or deny the statements, conclusions or argument set forth in the

8    paragraph which do not constitute allegations of fact sufficient to state a claim.

9        88.    In response to paragraph 88 of the Complaint, Defendant denies that

10 McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

11 controls the terms or conditions of employment of Defendant's employees. Defendant has

12 insufficient information or belief to admit or deny any remaining allegations and, on that basis,

13 denies the allegations. Defendant does not admit or deny the statements, conclusions or

14 argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

15 a claim.

16       89.    In response to paragraph 89 of the Complaint, Defendant denies that

17 McDonald's jointly operates Defendant's restaurants.   Defendant denies any knowledge that

18 McDonald's grades Defendant's documentation and record-keeping. Defendant denies that

19 McDonald's controls the terms or conditions of employment of Defendant's employees.

20 Defendant has insufficient information or belief to admit or deny any remaining allegations

21 and, on that basis, denies the allegations. Defendant does not admit or deny the statements,

22 conclusions or argument set forth in the paragraph which do not constitute allegations of fact

23 sufficient to state a claim.

24       90.    In response to paragraph 90 of the Complaint, Defendant denies that

25 McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

26 controls the terms or conditions of employment of Defendant's employees. Defendant has

27 insufficient information or belief to admit or deny any remaining allegations and, on that basis,

28 denies the allegations. Defendant does not admit or deny the statements, conclusions or

1  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

2  a claim.

3  <u>McDonald's Exercises Control Over Staffing and Scheduling</u>

4  <u>of Crew Members at Restaurants</u>

5  91.  In response to paragraph 91 of the Complaint, Defendant denies that

6  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

7  controls the terms or conditions of employment of Defendant's employees. Defendant has

8  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

9  denies the allegations. Defendant does not admit or deny the statements, conclusions or

10  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

11  a claim.

12  92.  In response to paragraph 92 of the Complaint, Defendant denies that

13  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

14  controls the terms or conditions of employment of Defendant's employees. Defendant has

15  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

16  denies the allegations. Defendant does not admit or deny the statements, conclusions or

17  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

18  a claim.

19  93.  In response to paragraph 93 of the Complaint, Defendant denies that

20  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

21  controls the terms or conditions of employment of Defendant's employees. Defendant has

22  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

23  denies the allegations. Defendant does not admit or deny the statements, conclusions or

24  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

25  a claim.

26  94.  In response to paragraph 94 of the Complaint, Defendant denies that

27  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

28  controls the terms or conditions of employment of Defendant's employees. Defendant has

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

2  denies the allegations. Defendant does not admit or deny the statements, conclusions or

3  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

4  a claim.

5        95.    In response to paragraph 95 of the Complaint, Defendant denies that

6  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

7  controls the terms or conditions of employment of Defendant's employees. Defendant has

8  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

9  denies the allegations. Defendant does not admit or deny the statements, conclusions or

10  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

11  a claim.

12        96.    In response to paragraph 96 of the Complaint, Defendant denies that

13  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

14  controls the terms or conditions of employment of Defendant's employees. Defendant has

15  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

16  denies the allegations.

17      McDonald's Exercises Control Over Crew Members' Job Duties and Performance

18        97.    In response to paragraph 97 of the Complaint, Defendant denies that

19  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

20  controls the terms or conditions of employment of Defendant's employees. Defendant has

21  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

22  denies the allegations. Defendant does not admit or deny the statements, conclusions or

23  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

24  a claim.

25        98.    In response to paragraph 98 of the Complaint, Defendant denies that

26  McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

27  controls the terms or conditions of employment of Defendant's employees. Defendant has

28  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1  denies the allegations. Defendant does not admit or deny the statements, conclusions or

2  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

3  a claim.

4      99.    In response to paragraph 99 of the Complaint, Defendant denies that

5  McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's

6  controls the terms or conditions of employment of Defendant's employees. Defendant has

7  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

8  denies the allegations. Defendant does not admit or deny the statements, conclusions or

9  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

10  a claim.

11     100.    In response to paragraph 100 of the Complaint, Defendant denies that

12  McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's

13  controls the terms or conditions of employment of Defendant's employees. Defendant has

14  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

15  denies the allegations. Defendant does not admit or deny the statements, conclusions or

16  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

17  a claim.

18     101.    In response to paragraph 101 of the Complaint, Defendant denies that

19  McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's

20  controls the terms or conditions of employment of Defendant's employees. Defendant has

21  insufficient information or belief to admit or deny any remaining allegations and, on that basis,

22  denies the allegations. Defendant does not admit or deny the statements, conclusions or

23  argument set forth in the paragraph which do not constitute allegations of fact sufficient to state

24  a claim.

25  ///

26  ///

27  ///

28  ///

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

McDonald's Exercises Control Over Haynes Partnership by Requiring the Franchisee

to Use a McDonald's Computer System and Monitoring Labor and Sales Data

Collected by That System

102.    In response to paragraph 102 of the Complaint, Defendant admits that McDonald's requires software at the point of sale.  Defendant has denies that McDonald's requires hardware. Defendant does not admit or deny the statements, conclusions, generalizations or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim. Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

103.    In response to paragraph 103 of the Complaint, Defendant denies each and every allegation contained therein.

104.    In response to paragraph 104 of the Complaint, Defendant denies each and every allegation contained therein.

105.    In response to paragraph 105 of the Complaint, Defendant denies each and every allegation contained therein.

106.    In response to paragraph 106 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

107.    In response to paragraph 107 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations and, on that basis, denies the allegations.

108.    In response to paragraph 108 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations and, on that basis, denies the allegations.

109.    In response to paragraph 109 of the Complaint, Defendant admits that Defendant's employees are required to punch in and out for shifts, breaks and meals and that a receipt may be taken by an employee. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies that McDonald's jointly operates Defendant's restaurants.

/ / /

110.    In response to paragraph 110 of the Complaint, Defendant denies each and every allegation contained therein.

## JOINT LIABILITY ALLEGATIONS

**A.    Defendants Have Jointly Employed Plaintiffs and All Class Members**

111.    In response to paragraph 111 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

112.    In response to paragraph 112 of the Complaint and each subparagraph thereof, Defendant denies each and every allegation contained therein.    Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.

a.    In response to paragraph 112a, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

b.    In response to paragraph 112b, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

c.    In response to paragraph 112c, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

d.    In response to paragraph 112d, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

1        e.      In response to paragraph 112e, Defendant denies that McDonald's jointly

2    operates Defendant's restaurants. Defendant denies that McDonald's controls the

3    terms or conditions of employment of Defendant's employees.  Defendant denies

4    each and every allegation contained therein.

5        f.      In response to paragraph 112f, Defendant denies that McDonald's jointly

6    operates Defendant's restaurants. Defendant denies that McDonald's controls the

7    terms or conditions of employment of Defendant's employees.  Defendant denies

8    each and every allegation contained therein.

9        113.   In response to paragraph 113 of the Complaint, Defendant denies that

10   McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

11   controls the terms or conditions of employment of Defendant's employees.  Defendant denies

12   each and every allegation contained therein.

13       114.   In response to paragraph 114 of the Complaint, Defendant denies that

14   McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

15   controls the terms or conditions of employment of Defendant's employees.  Defendant denies

16   each and every allegation contained therein.

17       115.   In response to paragraph 115 of the Complaint, Defendant denies that

18   McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

19   controls the terms or conditions of employment of Defendant's employees.  Defendant denies

20   each and every allegation contained therein.

21       116.   In response to paragraph 116 of the Complaint and each subparagraph thereof,

22   Defendant denies each and every allegation contained therein.   Defendant denies that

23   McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

24   controls the terms or conditions of employment of Defendant's employees.

25       a.      In response to paragraph 116a, Defendant denies that McDonald's jointly

26   operates Defendant's restaurants. Defendant denies that McDonald's controls the

27   terms or conditions of employment of Defendant's employees.  Defendant denies

28   each and every allegation contained therein.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1        b.     In response to paragraph 116b, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

c.     In response to paragraph 116c, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

d.     In response to paragraph 116d, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

e.     In response to paragraph 116e, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

117.    In response to paragraph 117 of the Complaint and each subparagraph thereof, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

a.     In response to paragraph 117a, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

b.     In response to paragraph 117b, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

c. In response to paragraph 117c, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

d. In response to paragraph 117d, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

e. In response to paragraph 117e, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

118. In response to paragraph 118 of the Complaint and each subparagraph thereof, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

a. In response to paragraph 118a, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

b. In response to paragraph 118b, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

c. In response to paragraph 118c, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

d.      In response to paragraph 118d, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

e.      In response to paragraph 118e, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

119.    In response to paragraph 119 of the Complaint and each subparagraph thereof, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees. Defendant denies each and every allegation contained therein.

a.      In response to paragraph 119a of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.  Defendant denies each and every allegation contained therein.

b.      In response to paragraph 119b of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.  Defendant denies each and every allegation contained therein.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1   c.      In response to paragraph 119c of the Complaint, Defendant denies that
2   McDonald's jointly operates Defendant's restaurants.   Defendant denies that
3   McDonald's controls the terms or conditions of employment of Defendant's
4   employees. Defendant denies that it failed to pay all wages due to any employee.
5   Defendant denies that it failed to pay minimum wage or above and any other
6   applicable pay to Defendant's employees.   Defendant denies each and every
7   allegation contained therein.

8   d.      In response to paragraph 119d of the Complaint, Defendant denies that
9   McDonald's jointly operates Defendant's restaurants.   Defendant denies that
10  McDonald's controls the terms or conditions of employment of Defendant's
11  employees. Defendant denies that it failed to pay all wages due to any employee.
12  Defendant denies that it failed to pay minimum wage or above and any other
13  applicable pay to Defendant's employees.   Defendant denies each and every
14  allegation contained therein.

15  e.      In response to paragraph 119e of the Complaint, Defendant denies that
16  McDonald's jointly operates Defendant's restaurants.   Defendant denies that
17  McDonald's controls the terms or conditions of employment of Defendant's
18  employees. Defendant denies that it failed to pay all wages due to any employee.
19  Defendant denies that it failed to pay minimum wage or above and any other
20  applicable pay to Defendant's employees.   Defendant denies each and every
21  allegation contained therein.

22  f.      In response to paragraph 119f of the Complaint, Defendant denies that
23  McDonald's jointly operates Defendant's restaurants.   Defendant denies that
24  McDonald's controls the terms or conditions of employment of Defendant's
25  employees. Defendant denies that it failed to pay all wages due to any employee.
26  Defendant denies that it failed to pay minimum wage or above and any other
27  applicable pay to Defendant's employees.   Defendant denies each and every
28  allegation contained therein.

g. In response to paragraph 119g of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees. Defendant denies each and every allegation contained therein.

h. In response to paragraph 119h of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees. Defendant denies each and every allegation contained therein.

120. In response to paragraph 120 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

121. In response to paragraph 121 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

122. In response to paragraph 122 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

123. In response to paragraph 123 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

124.    In response to paragraph 124 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees.  Defendant denies each and every allegation contained therein.

**B.    Defendants Have Committed the Violations Alleged Herein as Co-Conspirators**

125.    In response to paragraph 125 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

126.    In response to paragraph 126 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.  Defendant denies each and every allegation contained therein.

**C.    Defendants Have Aided and Abetted Each Other in the Commissions of the Violations Alleged Herein**

127.    In response to paragraph 127 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

128.    In response to paragraph 128 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of employment of Defendant's employees. Defendant denies each and every allegation contained therein.

/ / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1      129.    In response to paragraph 62 of the Complaint, Defendant denies that

2 McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

3 controls the terms or conditions of employment of Defendant's employees. Defendant denies

4 that it failed to pay all wages due to any employee. Defendant denies that it failed to pay

5 minimum wage or above and any other applicable pay to Defendant's employees. Defendant

6 denies each and every allegation contained therein.

7 **D.**     **Haynes Partnership Acted as McDonald's Agent**

8      130.    In response to paragraph 130 of the Complaint, Defendant denies that

9 McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

10 controls the terms or conditions of employment of Defendant's employees. Defendant denies

11 each and every allegation contained therein.

12      131.    In response to paragraph 131 of the Complaint, Defendant denies each and every

13 allegation contained therein.

14      132.    In response to paragraph 132 of the Complaint, Defendant denies each and every

15 allegation contained therein.

16 **E.**     **McDonald's Was Negligent in Its Retention, Supervision, and/or Control of**

17        **Haynes Partnership**

18      133.    In response to paragraph 133 of the Complaint, Defendant denies that

19 McDonald's controls Defendant. Defendant denies that McDonald's jointly operates

20 Defendant's restaurants. Defendant admit the remaining allegations.

21      134.    In response to paragraph 134 of the Complaint, Defendant denies that

22 McDonald's controls Defendant. Defendant denies that McDonald's jointly operates

23 Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of

24 employment of Defendant's employees. Defendant denies that it failed to pay all wages due to

25 any employee. Defendant denies that it failed to pay minimum wage or above and any other

26 applicable pay to Defendant's employees. Defendant denies each and every allegation

27 contained therein.

28 / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    135.   In response to paragraph 135 of the Complaint, Defendant denies that

2  McDonald's controls Defendant.   Defendant denies that McDonald's jointly operates

3  Defendant's restaurants.  Defendant denies each and every other allegation contained therein.

4    136.   In response to paragraph 136 of the Complaint, Defendant denies that

5  McDonald's controls Defendant.   Defendant denies that McDonald's jointly operates

6  Defendant's restaurants.  Defendant denies each and every other allegation contained therein.

7    137.   In response to paragraph 137 of the Complaint, Defendant denies that

8  McDonald's controls Defendant.   Defendant denies that McDonald's jointly operates

9  Defendant's restaurants.  Defendant denies each and every other allegation contained therein.

10    138.   In response to paragraph 138 of the Complaint, Defendant denies that

11  McDonald's controls Defendant.   Defendant denies that McDonald's jointly operates

12  Defendant's restaurants.  Defendant denies each and every other allegation contained therein.

13    139.   In response to paragraph 139 of the Complaint, Defendant denies that

14  McDonald's controls Defendant.   Defendant denies that McDonald's jointly operates

15  Defendant's restaurants.  Defendant denies each and every other allegation contained therein.

16                          **CLASS ACTION ALLEGATIONS**

17    140.   In response to paragraph 140 of the Complaint,  Defendant does not admit or

18  deny the statements, conclusions, characterizations, generalizations or argument set forth in the

19  paragraph which do not constitute allegations of fact sufficient to state a claim. Defendant

20  denies each and every other allegation.

21    141.   In response to paragraph 141 of the Complaint, Defendant denies each and every

22  allegation contained therein.

23    142.   In response to paragraph 142 of the Complaint, Defendant denies each and every

24  allegation contained therein except that Defendant does not admit or deny the statements,

25  conclusions, characterizations, generalizations or argument set forth in the paragraph which do

26  not constitute allegations of fact sufficient to state a claim.

27    143.   In response to paragraph 143 of the Complaint and each subparagraph thereof,

28  Defendant denies each and every allegation contained therein except that Defendant does not

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1   admit or deny the statements, conclusions, characterizations, generalizations or argument set

2   forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

3           a.      In response to paragraph 143a of the Complaint, Defendant denies each

4               and every allegation.

5           b.      In response to paragraph 143b of the Complaint, Defendant denies each

6               and every allegation.

7           c.      In response to paragraph 143c of the Complaint, Defendant denies each

8               and every allegation.

9           d.      In response to paragraph 143d of the Complaint, Defendant denies each

10              and every allegation.

11          e.      In response to paragraph 143e of the Complaint, Defendant denies each

12              and every allegation.

13          f.      In response to paragraph 143f of the Complaint, Defendant denies each

14              and every allegation.

15          g.      In response to paragraph 143g of the Complaint, Defendant denies each

16              and every allegation.

17          h.      In response to paragraph 143h of the Complaint, Defendant denies each

18              and every allegation.

19          i.      In response to paragraph 143i of the Complaint, Defendant denies each

20              and every allegation.

21          j.      In response to paragraph 143j of the Complaint, Defendant denies each

22              and every allegation.

23          k.      In response to paragraph 143k of the Complaint, Defendant denies each

24              and every allegation

25          l.      In response to paragraph 143l of the Complaint, Defendant denies each

26              and every allegation.

27          m.      In response to paragraph 143m of the Complaint, Defendant denies each

28              and every allegation.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1         n.     In response to paragraph 143n of the Complaint, Defendant denies each

2    and every allegation.

3         o.     In response to paragraph 143o of the Complaint, Defendant denies each

4    and every allegation.

5         p.     In response to paragraph 143p of the Complaint, Defendant denies each

6    and every allegation.

7         q.     In response to paragraph 143q of the Complaint, Defendant denies each

8    and every allegation.

9         r.     In response to paragraph 143r of the Complaint, Defendant denies each

10   and every allegation.

11   144.     In response to paragraph 144 of the Complaint, Defendant denies each and every

12   allegation contained therein.

13   145.     In response to paragraph 145 of the Complaint, Defendant denies each and every

14   allegation contained therein.

15   146.     In response to paragraph 146 of the Complaint, Defendant denies each and every

16   allegation contained therein.

17   147.     In response to paragraph 147 of the Complaint, Defendant denies each and every

18   allegation contained therein.

19   **FIRST CLAIM FOR RELIEF**

20   **Failure to Pay All Wages When Due**

21   **[Cal. Labor Code § 204, 206, 223, 225.5, 1194.5, 1195.5]**

22   **(Brought by All Plaintiffs on behalf of Themselves and the**

23   **Plaintiff Class Against All Defendants)**

24   148.     In response to paragraph 148 of the Complaint, Defendant realleges and

25   incorporates by reference all previous paragraphs.

26   149.     In response to paragraph 149 of the Complaint, Defendant does not admit or

27   deny the statements, conclusions or argument set forth in the paragraph which do not constitute

28   / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1  allegations of fact sufficient to state a claim.  Defendant denies each and every other remaining

2  allegation.

3       150.    In response to paragraph 150 of the Complaint and each subparagraph thereof,

4  Defendant denies each and every allegation contained therein.  Defendant denies that it failed

5  to pay all wages due to any employee.

6            a.    In response to paragraph 150a of the Complaint, Defendant denies each

7                 and every allegation contained therein.

8            b.    In response to paragraph 150b of the Complaint, Defendant denies each

9                 and every allegation contained therein.

10           c.    In response to paragraph 150c of the Complaint, Defendant denies each

11                and every allegation contained therein.

12      151.    In response to paragraph 151 of the Complaint, Defendant denies each and every

13  allegation contained therein.

14      152.    In response to paragraph 152 of the Complaint, Defendant denies each and every

15  allegation contained therein.

16      153.    In response to paragraph 153 of the Complaint, Defendant denies each and every

17  allegation contained therein.  Defendant denies that any Plaintiff is entitled to any relief

18  whatsoever.

19                        **SECOND CLAIM FOR RELIEF**

20                        **Failure to Pay Overtime Wages**

21       **[Cal. Labor Code §§ 510, 1194, 1194.5, 1198; IWC Wage Order NO. 5-2001, § 3]**

22       **(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class Against All**

23                              **Defendants)**

24      154.    In response to paragraph 154 of the Complaint, Defendant realleges and

25  incorporates by reference all previous paragraphs.

26      155.    In response to paragraph 155 of the Complaint, Defendant has insufficient

27  information or belief to admit or deny any remaining allegations and, on that basis, denies the

28  allegations.

156.    In response to paragraph 156 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

157.    In response to paragraph 157 of the Complaint, Defendant has insufficient information or belief to admit or deny any remaining allegations and, on that basis, denies the allegations.

158.    In response to paragraph 158 of the Complaint, Defendant denies each and every allegation contained therein.

159.    In response to paragraph 159 of the Complaint, Defendant denies each and every allegation contained therein.

160.    In response to paragraph 160 of the Complaint, Defendant denies each and every allegation contained therein.

161.    In response to paragraph 161 of the Complaint, Defendant denies each and every allegation contained therein.

162.    In response to paragraph 162 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief whatsoever.

### THIRD CLAIM FOR RELIEF

**Failure to Pay Minimum Wages**

**[Cal. Labor Code § § 1182.12, 1194, 1194.2, 1197, 1198;**

**IWC Wage Order No. 5-2001, § 4]**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

163.    In response to paragraph 163 of the Complaint, Defendant realleges and incorporates by reference all previous paragraphs.  Defendant denies that any Plaintiff is entitled to any relief whatsoever.

164.    In response to paragraph 164 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    165.    In response to paragraph 165 of the Complaint, Defendant denies that it failed to
2 pay all wages due to any employee

3    166.    In response to paragraph 166 of the Complaint, Defendant denies that
4 McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's
5 controls the terms or conditions of. Employment of Defendant's employees.    Defendant denies
6 that it failed to pay minimum wage or above and any other applicable pay to Defendant's
7 employees.    Defendant denies that it failed to pay all wages due to any employee.    Defendant
8 denies each and every allegation contained therein.

9    167.    In response to paragraph 167 of the Complaint, Defendant denies that
10 McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's
11 controls the terms or conditions of. Employment of Defendant's employees.    Defendant denies
12 that it failed to pay minimum wage or above and any other applicable pay to Defendant's
13 employees.    Defendant denies that it failed to pay all wages due to any employee.    Defendant
14 denies each and every allegation contained therein.

15    168.    In response to paragraph 168 of the Complaint, Defendant denies that
16 McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's
17 controls the terms or conditions of. Employment of Defendant's employees.    Defendant denies
18 that it failed to pay minimum wage or above and any other applicable pay to Defendant's
19 employees.    Defendant denies that it failed to pay all wages due to any employee.

20    169.    In response to paragraph 169 of the Complaint, Defendant denies that it failed to
21 pay all wages due to any employee.    Defendant denies that any Plaintiff is entitled to any relief
22 whatsoever.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1

**FOURTH CLAIM FOR RELIEF**

2

**Failure to Provide Required Meal Periods or Pay Missed Meal Period Wages**

3

**[Cal. Labor Code §§226.7, 512, 1194.5, 1198; IWC Wage Order No. 5-2001, § 11]**

4

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class Against All**

5

**Defendants)**

6

170.    In response to paragraph 170 of the Complaint, Defendant realleges and

7

incorporates by reference all previous paragraphs.

8

171.    In response to paragraph 171 of the Complaint, Defendant denies that it failed to

9

pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief

10

whatsoever.

11

172.    In response to paragraph 172 of the Complaint, Defendant denies that it failed to

12

pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief

13

whatsoever.

14

173.    In response to paragraph 173 of the Complaint, Defendant denies that

15

McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's

16

controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

17

that it failed to pay minimum wage or above and any other applicable pay to Defendant's

18

employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

19

denies each and every allegation contained therein.

20

174.    In response to paragraph 174 of the Complaint, Defendant denies that

21

McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's

22

controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

23

that it failed to pay minimum wage or above and any other applicable pay to Defendant's

24

employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

25

denies each and every allegation contained therein.

26

175.    In response to paragraph 175 of the Complaint, Defendant denies that

27

McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's

28

controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1   that it failed to pay minimum wage or above and any other applicable pay to Defendant's

2   employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

3   denies each and every allegation contained therein.

4        176.   In response to paragraph 176 of the Complaint, Defendant denies that

5   McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

6   controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

7   that it failed to pay minimum wage or above and any other applicable pay to Defendant's

8   employees.  Defendant denies that it failed to pay all wages due to any employee.

9        177.   In response to paragraph 177 of the Complaint, Defendant denies that it failed to

10   pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief

11   whatsoever.

12   **FIFTH CLAIM FOR RELIEF**

13   **Failure to Provide Required Rest Breaks or Pay Missed Rest Break Wages**

14   **[Cal. Labor Code §§ 226.7, 1194.5, 1198; IWC Wage Order No. 5-2001, § 12]**

15   **(Brought by All Plaintiffs on behalf of Themselves and The Plaintiff Class Against All**

16   **Defendants)**

17        178.   In response to paragraph 178 of the Complaint, Defendant realleges and

18   incorporates by reference all previous paragraphs.

19        179.   In response to paragraph 179 of the Complaint, Defendant denies that it failed to

20   pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief

21   whatsoever.

22        180.   In response to paragraph 180 of the Complaint, Defendant denies that it failed to

23   pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief

24   whatsoever.

25        181.   In response to paragraph 181 of the Complaint, Defendant denies that

26   McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

27   controls the terms or conditions of employment of Defendant's employees.  Defendant denies

28   that it failed to pay minimum wage or above and any other applicable pay to Defendant's

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1 | employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

2 | denies each and every allegation contained therein.

3 |        a.     In response to paragraph 181a of the Complaint, Defendant denies that

4 | McDonald's jointly operates Defendant's restaurants.  Defendant denies that

5 | McDonald's controls the terms or conditions of. Employment of Defendant's

6 | employees.  Defendant denies that it failed to pay minimum wage or above and

7 | any other applicable pay to Defendant's employees.  Defendant denies that it

8 | failed to pay all wages due to any employee.  Defendant denies each and every

9 | allegation contained therein.

10 |        b.     In response to paragraph 181b of the Complaint, Defendant denies that

11 | McDonald's jointly operates Defendant's restaurants.  Defendant denies that

12 | McDonald's controls the terms or conditions of. Employment of Defendant's

13 | employees.  Defendant denies that it failed to pay minimum wage or above and

14 | any other applicable pay to Defendant's employees.  Defendant denies that it

15 | failed to pay all wages due to any employee.  Defendant denies each and every

16 | allegation contained therein.

17 | 182.  In response to paragraph 182 of the Complaint, Defendant denies that

18 | McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

19 | controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

20 | that it failed to pay minimum wage or above and any other applicable pay to Defendant's

21 | employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

22 | denies each and every allegation contained therein.

23 | 183.  In response to paragraph 183 of the Complaint, Defendant denies that

24 | McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

25 | controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

26 | that it failed to pay minimum wage or above and any other applicable pay to Defendant's

27 | employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

28 | denies each and every allegation contained therein.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

184. In response to paragraph 184 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies that it failed to pay all wages due to any employee.

185. In response to paragraph 185 of the Complaint, Defendant denies that it failed to pay all wages due to any employee. Defendant denies that any Plaintiff is entitled to any relief whatsoever.

## SIXTH CLAIM FOR RELIEF

### Failure to Maintain Required Records

### [Cal. Labor Code§§ 226, 1174, 1194.5, 1198; IWC Wage Order No 5-2001, § 7)

### (Brought by All Plaintiffs on behalf of Themselves and the

### Plaintiff Class Against All Defendants)

186. In response to paragraph 186 of the Complaint, Defendant realleges and incorporates by reference all previous paragraphs.

187. In response to paragraph 187 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.

188. In response to paragraph 188 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.

189. In response to paragraph 189 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees. Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees. Defendant denies that it failed to pay all wages due to any employee. Defendant denies each and every allegation contained therein.

190. In response to paragraph 190 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants. Defendant denies that McDonald's

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1   controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

2   that it failed to pay minimum wage or above and any other applicable pay to Defendant's

3   employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

4   denies each and every allegation contained therein.

5      191.   In response to paragraph 191 of the Complaint, Defendant denies that

6   McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

7   controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

8   that it failed to pay minimum wage or above and any other applicable pay to Defendant's

9   employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

10   denies each and every allegation contained therein.

11      192.   In response to paragraph 192 of the Complaint,    Defendant denies that

12   McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

13   controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

14   that it failed to pay minimum wage or above and any other applicable pay to Defendant's

15   employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

16   denies each and every allegation contained therein.

17      193.   In response to paragraph 193 of the Complaint, Defendant denies that it failed to

18   pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief

19   whatsoever.

20                   **SEVENTH CLAIM FOR RELIEF**

21            **Failure to Furnish Accurate Itemized Wage Statements**

22          **[Cal. Labor Code §§204, 226; IWC Wage Order No. 5-2001, § 7]**

23              **(Brought by All Plaintiffs on behalf of Themselves and**

24                 **the Plaintiff Class Against All Defendants**

25      194.   In response to paragraph 194 of the Complaint, Defendant realleges and

26   incorporates by reference all previous paragraphs.

27      195.   In response to paragraph 195 of the Complaint, D Defendant denies that it failed

28   to pay all wages due to any employee.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    196.    In response to paragraph 196 of the Complaint, Defendant denies that it failed to

2  pay all wages due to any employee.

3    197.    In response to paragraph 197 of the Complaint, Defendant denies that it failed to

4  pay all wages due to any employee.

5    198.    In response to paragraph 198 of the Complaint, Defendant denies that it failed to

6  pay all wages due to any employee.

7    199.    In response to paragraph 199 of the Complaint, Defendant denies that

8  McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

9  controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies

10  that it failed to pay minimum wage or above and any other applicable pay to Defendant's

11  employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant

12  denies each and every allegation contained therein.

13    200.    In response to paragraph 200 of the Complaint, Defendant denies that

14  McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

15  controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies

16  that it failed to pay minimum wage or above and any other applicable pay to Defendant's

17  employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant

18  denies each and every allegation contained therein.

19    201.    In response to paragraph 201 of the Complaint, Defendant denies that it failed to

20  pay all wages due to any employee.   Defendant denies that any Plaintiff is entitled to any relief

21  whatsoever.

22  **EIGHTH CLAIM FOR RELIEF**

23  **Failure to Indemnify Employees for Necessary Expenses**

24  **[Cal. Labor Code §§221, 450, 1198, 2802, 1194.5; IWC Wage Order No. 5-2001, § 8]**

25  **(Brought by All Plaintiffs on behalf of Themselves and**

26  **the Plaintiff Class Against All Defendants)**

27    202.    In response to paragraph 202 of the Complaint, Defendant realleges and

28  incorporates by reference all previous paragraphs.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    203.   In response to paragraph 203 of the Complaint, Defendant denies that it failed to
2    pay all wages due to any employee.

3    204.   In response to paragraph 63 of the Complaint, Defendant denies that
4    McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's
5    controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies
6    that it failed to pay minimum wage or above and any other applicable pay to Defendant's
7    employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant
8    denies each and every allegation contained therein.

9    205.   In response to paragraph 64 of the Complaint, Defendant denies that
10   McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's
11   controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies
12   that it failed to pay minimum wage or above and any other applicable pay to Defendant's
13   employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant
14   denies each and every allegation contained therein.

15   206.   In response to paragraph 206 of the Complaint, Defendant denies that
16   McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's
17   controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies
18   that it failed to pay minimum wage or above and any other applicable pay to Defendant's
19   employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant
20   denies each and every allegation contained therein.

21   207.   In response to paragraph 207 of the Complaint, Defendant denies that it failed to
22   pay all wages due to any employee.   Defendant denies each and every allegation contained
23   therein.

24   208.   In response to paragraph 208 of the Complaint, Defendant denies that it failed to
25   pay all wages due to any employee.   Defendant denies each and every allegation contained
26   therein.

27   209.   In response to paragraph 209 of the Complaint, Defendant denies that
28   McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1 | controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

2 | that it failed to pay minimum wage or above and any other applicable pay to Defendant's

3 | employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

4 | denies each and every allegation contained therein.

5 |   210. In response to paragraph 210 of the Complaint, Defendant denies that it failed to

6 | pay all wages due to any employee.  Defendant denies that any Plaintiff is entitled to any relief

7 | whatsoever.

8 | **NINTH CLAIM FOR RELIEF**

9 | **Negligence**

10 | **(Brought by All Plaintiffs on behalf of Themselves and**

11 | **the Plaintiff Class Against Defendant McDonald's)**

12 |   211. In response to paragraph 211 of the Complaint, D Defendant realleges and

13 | incorporates by reference all previous paragraphs.

14 |   212. In response to paragraph 212 of the Complaint, Defendant does admit or deny

15 | the allegations purportedly directed at McDonald's alone.

16 |   213. In response to paragraph 213 of the Complaint, Defendant does admit or deny

17 | the allegations purportedly directed at McDonald's alone.

18 |   214. In response to paragraph 214 of the Complaint, D Defendant does admit or deny

19 | the allegations purportedly directed at McDonald's alone.

20 |   215. In response to paragraph 215 of the Complaint, Defendant denies each and every

21 | allegation contained therein.  Defendant denies that any Plaintiff is entitled to any relief

22 | whatsoever.

23 | **TENTH CLAIM FOR RELIEF**

24 | **(California Labor Code Private Attorneys General Act**

25 | **[Cal. Labor Code § 2698, et seq.]**

26 |   216. In response to paragraph 216 of the Complaint, Defendant realleges and

27 | incorporates by reference all previous paragraphs.

28 | / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

217.    In response to paragraph 217 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.

218.    In response to paragraph 218 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.

219.    In response to paragraph 219 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant denies each and every allegation contained therein.

220.    In response to paragraph 265 of the Complaint, Defendant does not admit or deny the statements, conclusions or argument set forth in the paragraph which do not constitute allegations of fact sufficient to state a claim.

221.    In response to paragraph 221 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant denies each and every allegation contained therein.

222.    In response to paragraph 222 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.   Defendant denies that it failed to pay all wages due to any employee.   Defendant denies each and every allegation contained therein.

223.    In response to paragraph 223 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees.   Defendant denies

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1  that it failed to pay minimum wage or above and any other applicable pay to Defendant's

2  employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

3  denies each and every allegation contained therein.

4      224.    In response to paragraph 224 of the Complaint, Defendant has insufficient

5  information or belief to admit or deny any remaining allegations and, on that basis, denies the

6  allegations.

7      225.    In response to paragraph 225 of the Complaint, Defendant has insufficient

8  information or belief to admit or deny any remaining allegations and, on that basis, denies the

9  allegations.

10      226.    In response to paragraph 226 of the Complaint, Defendant has insufficient

11  information or belief to admit or deny any remaining allegations and, on that basis, denies the

12  allegations.

13      227.    In response to paragraph 227 of the Complaint, Defendant denies that

14  McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

15  controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

16  that it failed to pay minimum wage or above and any other applicable pay to Defendant's

17  employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

18  denies each and every allegation contained therein.   Defendant denies that any Plaintiff is

19  entitled to any relief whatsoever.

20                          **ELEVENTH CLAIM FOR RELIEF**

21                          **Unfair and Unlawful Business Practices**

22                          **[Cal. Bus. & Prof. Code § 17900, et seq.]**

23                  **(Brought by All Plaintiffs on behalf of Themselves and**

24                      **the Plaintiffs Class Against All Defendants)**

25      228.    In response to paragraph 228 of the Complaint, Defendant realleges and

26  incorporates by reference all previous paragraphs.

27      229.    In response to paragraph 229 of the Complaint, Defendant denies that

28  McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

2    that it failed to pay minimum wage or above and any other applicable pay to Defendant's

3    employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

4    denies each and every allegation contained therein.

5         230.    In response to paragraph 230 of the Complaint, Defendant denies that

6    McDonald's jointly operates Defendant's restaurants.    Defendant denies that McDonald's

7    controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

8    that it failed to pay minimum wage or above and any other applicable pay to Defendant's

9    employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

10   denies each and every allegation contained therein.

11        231.    In response to paragraph 231 of the Complaint, Defendant denies that

12   McDonald's jointly operates Defendant's restaurants.  Defendant denies that McDonald's

13   controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies

14   that it failed to pay minimum wage or above and any other applicable pay to Defendant's

15   employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

16   denies each and every allegation contained therein.   Defendant denies that any Plaintiff is

17   entitled to any relief whatsoever.

18                     **TWELFTH CLAIM FOR RELIEF**

19                          **Declaratory Judgment**

20          **(Brought by All Plaintiffs on behalf of Themselves and**

21              **the Plaintiff Class Against All Defendants)**

22        232.    In response to paragraph 232 of the Complaint, Defendant realleges and

23   incorporates by reference all previous paragraphs.

24        233.    In response to paragraph 233 of the Complaint, Defendant denies each and every

25   allegation contained therein.

26        234.    In response to paragraph 234 of the Complaint, Defendant denies each and every

27   allegation contained therein.   Defendant denies that any Plaintiff is entitled to any relief

28   whatsoever.

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

**THIRTEENTH CLAIM FOR RELIEF**

**Retaliation**

**[Cal. Labor Code § 98.6]**

**(Brought by Plaintiff Salazar Against All Defendants)**

235.   In response to paragraph 235 of the Complaint, Defendant realleges and incorporates by reference all previous paragraphs.

236.   In response to paragraph 236 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.

237.   In response to paragraph 237 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant denies each and every allegation contained therein.

238.   In response to paragraph 238 of the Complaint, Defendant denies that it failed to pay all wages due to any employee.

239.   In response to paragraph 239 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.  Defendant denies that it failed to pay all wages due to any employee.   Defendant denies each and every allegation contained therein.

240.   In response to paragraph 240 of the Complaint, Defendant denies that McDonald's jointly operates Defendant's restaurants.   Defendant denies that McDonald's controls the terms or conditions of. Employment of Defendant's employees.  Defendant denies that it failed to pay minimum wage or above and any other applicable pay to Defendant's employees.  Defendant denies that it failed to pay all wages due to any employee.  Defendant

/ / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    denies each and every allegation contained therein.   Defendant denies that any Plaintiff is

2    entitled to any relief whatsoever.

3          In further answer to Plaintiffs' Complaint, and as separate and distinct defenses,

4    Defendant alleges the following additional defenses.   In asserting these defenses, Defendant

5    does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to

6    prove.

7                              **AFFIRMATIVE DEFENSES**

8                           **FIRST AFFIRMATIVE DEFENSE**

9                              **(Failure to State a Claim)**

10         1.      Neither Plaintiffs' Complaint nor any purported cause of action alleged therein

11   states facts sufficient to constitute claims upon which relief can be granted against Defendant.

12                         **SECOND AFFIRMATIVE DEFENSE**

13                 **(Laches, Unclean Hands, Waiver and Estoppel)**

14         2.      Plaintiffs are not entitled to any relief to the extent they forfeited their rights to

15   relief under the doctrines of laches or unclean hands, waived their rights to relief, or are

16   estopped from seeking the relief requested in the Complaint.

17                          **THIRD AFFIRMATIVE DEFENSE**

18                 **(Failure to Exhaust Administrative Remedies)**

19         3.      Plaintiffs failed to exhaust their administrative remedies under applicable law,

20   including, but not limited to, the Labor Code Private Attorney General Act of 2004 (Labor

21   Code Section 2698, *et seq.),* and therefore Plaintiffs' legal causes of action are barred.

22                         **FOURTH AFFIRMATIVE DEFENSE**

23                            **(Statute of Limitations)**

24         4.      Plaintiffs' claims and the claims of those they seek to represent, in whole or in

25   part, are barred by the applicable statutes of limitations, including, but not limited to, Code of

26   Civil Procedure sections 335, 337, 338, 339, and 340, Labor Code section 2699.3, and

27   California Business and Professions Code section 17208.

28   / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1   **FIFTH AFFIRMATIVE DEFENSE**

2   **(Certification Not Appropriate)**

3        5.        Plaintiffs' claims are not appropriate for class treatment because, among other

4   things, the issues raised in Plaintiffs' Complaint lack sufficient typicality, commonality, and

5   numerosity to support certification of the class.    Additionally, individualized issues

6   predominate and class treatment would neither be manageable nor a superior method for

7   addressing the claims raised in the Complaint. Further, Plaintiffs are not adequate class

8   representatives.

9   **SIXTH AFFIRMATIVE DEFENSE**

10  **(Due Process, Class Action)**

11       6.        Plaintiffs' attempt to pursue this case as a class action violates Defendant's

12  constitutional rights to a jury trial and to due process, and Plaintiffs' attempts to pursue this

13  case as a class action fail because an independent and individual analysis of Plaintiffs' claims

14  and the claims of each putative class member and each of Defendant's defenses is required.

15  **SEVENTH AFFIRMATIVE DEFENSE**

16  **(No Willfulness)**

17       7.        Plaintiffs are not entitled to the relief requested in the Complaint because, even

18  if unlawful actions occurred, which the Defendant denies, such conduct was not committed,

19  countenanced, ratified or approved by managing agents of Defendant. Defendant acted in good

20  faith that they were in compliance with the California Labor Code, the wage orders of the

21  Industrial Welfare Commission as well as all other applicable state and federal laws.

22  **EIGHTH AFFIRMATIVE DEFENSE**

23  **(No Injury)**

24       8.        Plaintiffs are not entitled to recover damages for any alleged violation of

25  California Labor code sections 226 or 2802 because Plaintiffs sustained no injuries from any

26  alleged failure of Defendant to comply with Labor Code sections 226, subdivision (a) or 2802.

27  / / /

28  / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Private Attorney Generals Act)

9. Plaintiffs' claims are barred to the extent that the California Labor and Workforce Development Agency conducts an investigation into Plaintiffs' claims for relief under the Private Attorney Generals Act of 2004 (Lab. Code § 2698 *et seq.)* and issues citations regarding such claims.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Competitive Injury)

10. Plaintiffs lack standing under Business and Professions Code section 17200 *et seq.,* because neither the Plaintiffs nor the alleged class have suffered a competitive injury.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State Claim for Punitive Damages)

11. Plaintiffs are not entitled to recover any punitive, double or exemplary damages, and any allegations with respect thereto should be stricken because Plaintiffs have failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice.

## TWELFTH AFFIRMATIVE DEFENSE

### (Violation of Due Process, Disgorgement of Profits, and Statutory Penalties)

12. The imposition of statutory penalties and/or a disgorgement of profits would violate Defendant's rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Penalties or Premium Pay)

13. Plaintiffs and those they seek to represent are not entitled to any penalty award or premium pay under the California Labor Code, including but not limited to Section 203, 558, at all times relevant and material herein, as Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had

/ / /

1    reasonable grounds for believing that it did not violate the compensation provisions of the

2    California Labor Code.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Injunctive Relief Improper)

5    14.    Plaintiffs' claims for injunctive relief are barred because Plaintiffs and those

6    they seeks to represent have an adequate and complete remedy at law, and/or Plaintiffs cannot

7    make the requisite showing to obtain injunctive relief under California law.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Entitlement to Attorneys' Fees)

10    15.    Plaintiffs' claims for attorneys' fees are barred, in whole or in part, because they

11    violate the rights of Defendant to protection from procedural "due process" and/or "excessive

12    fines" as provided in the United States Constitution, as amended, and in the Constitution of the

13    State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Entitlement to Attorneys' Fees or Costs)

16    16.    The Complaint fails to properly state a claim for recovery of costs and attorneys'

17    fees under California Labor Code sections 1194, California Code of Civil Procedure sections

18    1021.5, and 1032, *et seq.*, or any other basis.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Continuing Violation)

21    17.    Plaintiffs' prayers for restitution under California Business and Professions

22    Code section 17200, *et seq.*, are barred with respect to any alleged violations that have been

23    discontinued, have ceased, or are not likely to recur.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

26    18.    Plaintiffs' claims for damages are barred, in whole or in part, to the extent that

27    Plaintiffs have failed to exercise reasonable diligence in mitigating his alleged damages, if any,

28    / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1    and to the extent of such failure to mitigate, any damages awarded to Plaintiffs should be

2    reduced accordingly.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Preemption)

5       19.      Plaintiffs' claims, and the claims of those they seek to represent, are barred and

6    preempted by the exclusivity provision of the California Workers' Compensation Act.

7    Plaintiffs were covered by the Workers' Compensation Act at the time of Plaintiffs' alleged

8    injuries and said injures arose, if at all, out of Plaintiffs' employment.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Voluntary Waiver of Meal and Rest Breaks)

11       20.      Plaintiffs' Complaint is barred to the extent Defendant provided required meal

12    and rest breaks in compliance with all California requirements and Plaintiffs or the members of

13    the putative class voluntarily waived their right to take the meal or rest breaks as provided.

### TWENTY FIRST AFFIRMATIVE DEFENSE

#### (Failure to Exercise Reasonable Diligence)

16       21.      Plaintiffs and the members of the putative class are barred from recovering any

17    damages for lost wages or any recovery for lost wages must be reduced, if and to the extent that

18    Plaintiffs or putative class members failed· to exhaust internal remedies to receive alleged

19    unpaid wages or to otherwise exercise reasonable diligence to mitigate their alleged damages, if

20    any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Offset)

23       22.      Plaintiffs and the members of the putative class are barred from recovering any

24    damages for lost wages, or any recovery for lost wages must be offset or reduced, if and to the

25    extent Defendant already compensated them fully or in excess of what was required by law, or

26    Defendant is entitled to a set-off for amounts Plaintiffs or putative class members owe

27    Defendant for receipt of wages or other benefits to which they were not entitled or did not earn.

28    / / /

1

2

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Labor Code § 2856)

3          23.      Defendant is informed and believes, and thereon alleges, that any recovery on

4 Plaintiffs' Complaint, or on each purported cause of action alleged therein, is barred by

5 California Labor Code sections 2854 and 2856 in that Plaintiffs failed to use ordinary care and

6 diligence in the performance of their duties and failed to comply substantially with the

7 reasonable directions of Defendant.

8

9

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(De Minimis)**

10          24.      To the extent Plaintiffs or the members of the putative class were under the

11 control of Defendant while off-the-clock, which Defendant expressly denies, such time was *de*

12 *minimis* and is not compensable.

13

**ADDITIONAL DEFENSES**

14          25.      Defendant has not knowingly or intentionally waived any applicable affirmative

15 or other defenses and reserves the right to assert and rely on such other applicable affirmative

16 or other defenses as may later become available or apparent.  Defendant further reserves the

17 right to amend its answer and/or affirmative or other defenses accordingly and/or to delete

18 defenses that it determines are not applicable during the course of subsequent discovery.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

HAYNES FAMILY LTD PARTNERSHIP ANSWER TO FIRST AMENDED COMPLAINT

1

**PRAYER**

2   WHEREFORE, Defendant prays for judgment as follows:

3        1.    That Plaintiffs take nothing by their Complaint on file herein;

4        2.    That judgment be entered in favor of the Defendant and against Plaintiffs on all

5   causes of action;

6        3.    That Defendant be awarded reasonable attorneys' fees according to proof;

7   DATED:  November 24, 2014              FISHER & PHILLIPS LLP

8

9                                  By:    s/Regina A. Petty
10                                         REGINA A. PETTY
                                          KATARZYNA W. NOWAK
11                                        Attorneys for Defendant BOBBY O
                                          HAYNES SR. AND CAROL R. HAYNES
12                                        FAMILY LIMITED PARTNERSHIP
                                          d/b/a McDONALD'S
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<table>
<tr><td colspan="2"><b>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA</b></td><td>COURT USE ONLY</td></tr>
<tr><td colspan="2">TITLE OF CASE (ABBREVIATED)<br><b><i>Guadalupe Salazar, Genoveva Lopez and Judith Zarate v. McDonald's Corp.,<br>McDonald's U.S.A. McDonald's Restaurants of California, Inc. and Bobby O.<br>Haynes and Carole R. Haynes Family Limited Partnership d/b/a McDonald's</i></b></td><td></td></tr>
<tr><td colspan="2">ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):      TELEPHONE NO.:<br>Regina A. Petty [SBN 106163]<br>Email:  rpetty@laborlawyers.com<br>FISHER & PHILLIPS LLP         Telephone:  (858) 597-9600<br>4747 Executive Drive, Suite 1000    Facsimile:  (858) 597-9601<br>San Diego, California 92101</td><td></td></tr>
<tr><td>ATTORNEYS FOR:<br>DEFENDANT Bobby O. Haynes Sr. and<br>Carol R. Haynes Family Limited<br>Partnership d/b/a McDonald's<br>(erroneously sued as Bobby O. Haynes<br>and Carole R. Haynes Family Limited<br>Partnership d/b/a McDonalds</td><td>HEARING DATE – TIME</td><td>CASE NUMBER:<br><u>3:14-cv-02096-RS</u></td></tr>
<tr><td colspan="3" align="center"><b>PROOF OF SERVICE - DECLARATION OF SERVICE</b></td></tr>
</table>

At the time of service I was over 18 years of age and not a party to this action.  My residence or business address is: 4747 Executive Drive, Suite 1000, San Diego, California, 92121

On **November 24, 2014** I served the following documents (specify):

**ANSWER OF DEFENDANT BOBBY O. HAYNES AND CAROL R. HAYNES FAMILY LIMITED PARTNERSHIP TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

☐  The documents are listed in the Attachment to Proof of Service.

I served the documents on the **person or persons** below, as follows:

<table>
<tr>
<td>Michael Rubin [SBN 80618]<br>Barbara J. Chisholm [SBN 224656]<br>Matthew J. Murray [SBN 271461]<br>ALTSHULER BERZON LLP<br>177 Post Street, Suite 300<br>San Francisco, California 94108<br>Telephone:  (415) 421-7151<br>Facsimile:  (415) 362-8064<br>Email:  mrubin@altber.com<br>        bchisholm@altber.com<br>        mmurray@altber.com<br><br><b><i>Counsel for Plaintiffs</i></b></td>
<td>Fred W. Alvarez [SBN 68115]<br>Allison B. Moser [SBN 223065]<br>JONES DAY<br>Silicon Valley Office<br>1755 Embarcadero Road<br>Palo Alto, California 94303<br>Telephone:  (650) 739-3939<br>Facsimile:  (650) 739-3900<br>Email:  falvarez@jonesday.com<br>      <b><i>amoser@jonesday.com</i></b><br><br><b><i>Counsel for Defendants<br>McDonald's Corporation, McDonald's U.S.A.<br>and McDonald's Restaurants of California</i></b></td>
</tr>
<tr>
<td>Joseph Marc Sellers<br>Abilgail E. Shafroth<br>COHEN MILSTEIN SELLERS & TOLL, PLLC<br>1100 New York Avenue NW, Suite 500<br>Washington, DC 20005<br>Telephone:  (202) 408-4600<br>Facsimile:  (202) 408-4699<br>Email:  jsellers@cohenmilstein.com<br>        ashafroth@cohenmilstein.com<br><br><b><i>Pro Hac Vice Counsel for Plaintiffs</i></b></td>
<td>Matthew W. Lampe<br>JONES DAY<br>222 East 41st Street<br>New York, New York 10017-6702<br>Telephone:  (212) 326-3939<br>Email:  mlampe@jonesday.com<br><br><b><i>Pro Hac Vice Counsel for Defendants<br>McDonald's Corporation, McDonald's U.S.A.<br>and McDonald's Restaurants of California</i></b></td>
</tr>
</table>

1      PROOF OF SERVICE – DECLARATION OF SERVICE

Case No. <u>3:14-cv-02096-RS</u>

*Guadalupe Salazar, Genoveva Lopez and Judith Zarate v. McDonald's Corp., McDonald's U.S.A. McDonald's Restaurants of California, Inc. and Bobby O. Haynes and Carole R. Haynes Family Limited Partnership d/b/a McDonald's*

|  | Elizabeth B. McRee<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, Illinois 60601-1692<br>Telephone: (312)782-3939<br>Email: emcree@JonesDay.com<br><br>***Pro Hac Vice Counsel for Defendants<br>McDonald's Corporation, McDonald's U.S.A.<br>and McDonald's Restaurants of California*** |
|---|---|

☒ **By ELECTRONIC SUBMISSION.** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients **via electronic transmission through the CM/ECF system on the Court's website**. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **Additional parties' counsel who are not registered CM/ECF user according to the court's NEF, were served via the following means:**

☐ **By personal service.** I personally delivered copies to the person served.

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine used. A copy of the record of transmission is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I am readily familiar with this business practice for collection and processing envelopes and packages for overnight delivery. On the same day that envelope or package is placed for collection and delivery, it is deposited in the ordinary course of business with and overnight delivery service, in a sealed envelope or package.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed **November 24, 2014** at San Francisco California.

/s/ *Regina A. Petty*
Regina A. Petty