Fred W. Alvarez (SBN 68115)
Allison B. Moser (SBN 223065)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     +1.650.739.3939
Facsimile:     +1.650.739.3900
Email:     falvarez@jonesday.com
amoser@jonesday.com

Matthew W. Lampe (SBN 4620852 (pro hac vice)
JONES DAY
222 East 41st Street
New York, NY  10017-6702
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306
Email:          mlampe@jonesday.com

Elizabeth B. McRee (SBN 6275501 (pro hac vice)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL  60601
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585
Email:          emcree@jonesday.com

Attorneys for Defendants
MCDONALD'S CORPORATION, MCDONALD'S
USA, LLC, and MCDONALD'S RESTAURANTS OF
CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO

| | |
|---|---|
| GUADALUPE SALAZAR, GENOVEVA LOPEZ, and JUDITH ZARATE, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>MCDONALD'S CORP., a corporation, MCDONALD'S U.S.A., LLC, a limited liability company, MCDONALD'S RESTAURANTS OF CALIFORNIA, INC., a corporation, BOBBY O. HAYNES AND CAROLE R. HAYNES FAMILY LIMITED PARTNERSHIP d/b/a MCDONALD'S, a limited partnership, and DOES 1 through 100, inclusive,<br><br>              Defendants. | **CASE NO. 3:14-cv-02096-RS**<br><br>**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br><br>Complaint Filed:          March 12, 2014<br>First Amd. Comp. Filed:   Nov. 7, 2014 |

1

Pursuant to Rules 8, 12 and 15 of the Federal Rules of Civil Procedure, Defendant McDonald's Restaurants of California, Inc. ("McDonald's Restaurants of California") hereby answers the First Amended Complaint of Plaintiffs  Guadalupe Salazar, Genoveva Lopez and Judith Zarate ("Plaintiffs") as follows:

**INTRODUCTION**

1.      McDonald's Restaurants of California admits that Plaintiffs purport to bring a class action under California law on behalf of themselves and others who work or worked at restaurants in Northern California operated by Defendant Bobby O. Haynes Sr. and Carol R. Haynes Partnership Limited Partnership, d/b/a McDonald's ("Haynes Partnership").  McDonald's Restaurants of California denies the remaining allegations in Paragraph 1.

2.      McDonald's Restaurants of California denies the allegations in Paragraph 2.

3.      McDonald's Restaurants of California admits that McDonald's Corporation reported multi-billions of dollars in revenue during the limitations period, that more than 35,000 restaurants operate globally under the McDonald's brand name, and that approximately 1,300 restaurants operate under the McDonald's brand in California.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 3.

4.      McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny how crew members employed during the limitations period by Haynes Partnership spent their workdays, and therefore denies those allegations.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 4.

5.      McDonald's Restaurants of California denies the allegations in Paragraph 5.

6.      McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny what unspecified "published reports" may or may not state or the accuracy of those statements, and also lacks sufficient knowledge or information to admit or deny what Plaintiffs and unnamed crew members were paid, and therefore denies those allegations. McDonald's Restaurants of California denies the remaining allegations in Paragraph 6.

7.      McDonald's Restaurants of California admits that Plaintiffs purport to seek damages and injunctive relief on behalf of themselves and crew members who work or worked at

1

restaurants operated by Haynes Partnership.  McDonald's Restaurants of California denies that Plaintiffs are entitled to any relief whatsoever, and denies the remaining allegations in Paragraph 7.

**PARTIES**

8.     McDonald's Restaurants of California denies that Plaintiff Salazar was employed by McDonald's Corporation, McDonald's USA, LLC ("McDonald's USA") or McDonald's Restaurants of California.  McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8, and therefore denies them.

9.     McDonald's Restaurants of California denies that Plaintiff Lopez was employed by McDonald's Corporation, McDonald's USA, or McDonald's Restaurants of California. McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 9, and therefore denies them.

10.     McDonald's Restaurants of California denies that Plaintiff Zarate was employed by McDonald's Corporation, McDonald's USA, or McDonald's Restaurants of California. McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10, and therefore denies them.

11.     McDonald's Restaurants of California admits that Plaintiffs purport to bring their claims pursuant to California Labor Code § 2698 et seq. and California Business & Professions Code § 17200 et seq., and purport to seek injunctive relief and other damages.  McDonald's Restaurants of California denies that Plaintiffs are entitled to any relief whatsoever and denies the remaining allegations in Paragraph 11.

12.     McDonald's Restaurants of California admits that Plaintiffs purport to represent a class of crew members who work or worked at restaurants operated by Haynes Partnership in California.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 12.

13.     McDonald's Restaurants of California admits that McDonald's Corporation is a Delaware corporation, that its principal executive offices are located at One McDonald's Plaza, Oak Brook, Illinois, that it has done business in California and other states and countries, and that

2

1    more than 35,000 restaurants are operated under the McDonald's brand globally.  McDonald's

2    Restaurants of California denies the remaining allegations in Paragraph 13 of the Complaint.

3           14.    McDonald's Restaurants of California admits that McDonald's USA is a Delaware

4    limited liability company, that McDonald's Corporation is its parent corporation, that its principal

5    place of business is in Illinois, and that it has done business in California.  McDonald's

6    Restaurants of California denies the remaining allegations in Paragraph 14.

7           15.    McDonald's Restaurants of California admits that it is a California corporation, is

8    a wholly-owned subsidiary of McDonald's USA, and has done business in California.

9    McDonald's Restaurants of California denies the remaining allegations in Paragraph 15.

10          16.    McDonald's Restaurants of California lacks sufficient knowledge or information

11   to admit or deny whether the Haynes Partnership is known as BobCar McDonald's, BobCar

12   Partnership, or Bob Car Management Co., is a California limited partnership that conducts

13   business in California, or principally operates fast-food restaurants and provides restaurant and

14   related services, and therefore denies those allegations.  McDonald's Restaurants of California

15   admits that Defendant Haynes Partnership operates six restaurants in Oakland, California,

16   including but not limited to restaurants located at 7300 Bancroft and 2520 East 12th Street.

17   McDonald's Restaurants of California denies the remaining allegations in Paragraph 16.

18          17.    McDonald's Restaurants of California lacks sufficient knowledge or information

19   to admit or deny the allegations in Paragraph 17, and therefore denies them.

20          18.    McDonald's Restaurants of California lacks sufficient knowledge or information

21   to admit or deny the allegations in Paragraph 18, and therefore denies them.

22          19.    Paragraph 19 does not state facts subject to admission or denial.  To the extent

23   Paragraph 19 states facts to which a response is required, McDonald's Restaurants of California

24   denies that the brand name "McDonald's" appropriately or accurately refers to McDonald's

25   Corporation, McDonald's USA, McDonald's Restaurants of California, or any DOE defendant.

26          20.    Paragraph 20 does not state facts subject to admission or denial.  To the extent

27   Paragraph 20 states facts to which a response is required, McDonald's Restaurants of California

28   admits that Plaintiffs refer in this Complaint to the "Haynes Partnership" to mean Bobby O.

3

Haynes Sr. and Carol R. Haynes Family Limited Partnership.

21.    McDonald's Restaurants of California admits that it, McDonald's Corporation, and McDonald's USA is each an "employer" under the California Labor Code and California Industrial Welfare Commission Wage Order 5-2001, but denies that any of these entities is or has ever been the employer of any Plaintiffs in this case.  McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21, and therefore denies them.

## JURISDICTION AND VENUE

22.    McDonald's Restaurants of California admits that Plaintiffs originally filed this matter on March 12, 2014 in the Superior Court of the State of California in the County of Alameda, and that McDonald's Restaurants of California, McDonald's Corporation, and McDonald's USA maintain facilities and/or transact business in the County of Alameda. Whether jurisdiction and venue were proper in the Superior Court of the State of California in the County of Alameda are legal conclusions to which no response is required.  To the extent a response is required, McDonald's Restaurants of California admits that venue and jurisdiction were proper in that court.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 22.

23.    McDonald's Restaurants of California admits the allegations in Paragraph 23.

## GENERAL FACTUAL ALLEGATIONS

24.    McDonald's Restaurants of California admits that McDonald's USA is a party to franchise agreements with approximately 265 different franchisees that own and operate McDonald's-brand restaurants in California.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 24.

25.    McDonald's Restaurants of California admits that Defendant Haynes Partnership operates six McDonald's restaurants in Alameda County, California pursuant to franchise agreements that were assigned to it.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 25.

26.    McDonald's Restaurants of California admits that Plaintiffs purport to seek relief

4

under California law, but denies that Plaintiffs are entitled to any relief whatsoever.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 26.

27.   McDonald's Restaurants of California denies the allegations in Paragraph 27.

28.   McDonald's Restaurants of California denies the allegations in Paragraph 28.

29.   McDonald's Restaurants of California denies the allegations in Paragraph 29.

30.   McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Haynes Partnership maintained the employment policies or practices alleged in Paragraph 30, and therefore denies those allegations and also denies all remaining allegations in Paragraph 30.

31.   McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31, and therefore denies them.

32.   McDonald's Restaurants of California denies that "Hiring to Win" is McDonald's Corporation's, McDonald's USA's, or McDonald's Restaurants of California's on-line application form for applicants to franchise-owned restaurants, and therefore denies that Plaintiffs Salazar and Lopez applied using McDonald's on-line application form.  McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 32, and therefore denies them**.**

33.   McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 33, and therefore denies them.

34.   McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Plaintiffs and putative class members are or were directly supervised by managers or how Plaintiffs' or Class Members' managers informed and instructed crew members regarding work assignments, work schedules, or breaks, and therefore denies those allegations and also denies all remaining allegations in Paragraph 34.

35.   McDonald's Restaurants of California denies the allegations in Paragraph 35.

36.   McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36, and therefore denies them.

37.   McDonald's Restaurants of California admits that a point-of-sale (POS) system

5

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**

1  used in the Restaurants could serve as a data entry point for Restaurant employees to enter time

2  punches and that the In-Store Processor (ISP) could store data regarding Restaurant employees'

3  time punches.  McDonald's Restaurants of California denies the remaining allegations in

4  Paragraph 37.

5         38.     McDonald's Restaurants of California admits that the ISP could record and retain

6  (for a certain period of time) records of alterations to Restaurant crew members' time punches.

7  McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny

8  what any computer systems indicated to Restaurant managers, what Restaurant managers are able

9  to or routinely do vis-a-vis crew members' time punches and hours worked, and what policies and

10  practices are implemented and/or enforced at the Restaurants, and therefore denies those

11  allegations and also denies all remaining allegations in Paragraph 38.

12         39.     The allegation in Paragraph 39 constitutes a legal conclusion not subject to

13  admission or denial.  To the extent that the allegation does require admission or denial,

14  McDonald's Restaurants of California denies the allegation in Paragraph 39.

15         40.     McDonald's Restaurants of California denies the allegations in Paragraph 40.

16         41.     McDonald's Restaurants of California denies the allegations in Paragraph 41.

17         42.     The allegations in Paragraph 42 that Defendants "required, suffered, or permitted"

18  Plaintiffs and putative Class Members to perform work constitutes legal conclusions not subject

19  to admission or denial.  To the extent that these allegations do require admission or denial,

20  McDonald's Restaurants of California denies these allegations and also denies all remaining

21  allegations in Paragraph 42.

22         43.     McDonald's Restaurants of California denies the allegations in Paragraph 43.

23         44.     McDonald's Restaurants of California lacks sufficient knowledge or information

24  to admit or deny the allegations in Paragraph 44, and therefore denies them.

25         45.     McDonald's Restaurants of California denies the allegations in Paragraph 45.

26         46.     McDonald's Restaurants of California lacks sufficient knowledge or information

27  to admit or deny whether the Restaurants' managers are aware when Mystery Shopper visits

28  occurred or what the Restaurants' managers told Plaintiffs, if anything, and therefore denies those

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**

allegations and also denies all remaining allegations in Paragraph 46.

47.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Plaintiffs have worked five or more hours before receiving a duty-free 30-minute meal period, and therefore denies those allegations and also denies all remaining allegations in Paragraph 47.

48.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Plaintiffs Lopez and Zarate were permitted to take a rest break until after more than four hours of work and Plaintiff Salazar was required to take a rest break at the beginning of her shift, and therefore denies those allegations and also denies all remaining allegations in Paragraph 48.

49.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Plaintiffs were not permitted to take a second ten-minute rest break until at or near the end of their shift or were denied a second rest break, and therefore denies those allegations and also denies all remaining allegations in Paragraph 49.

50.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Plaintiff Lopez has been required to combine her ten-minute rest break and thirty-minute meal period, and therefore denies those allegations and also denies all remaining allegations in Paragraph 50.

51.     McDonald's Restaurants of California denies the allegations in Paragraph 51.

52.     McDonald's Restaurants of California denies the allegations in Paragraph 52.

53.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Restaurant managers have a practice of adjusting the punch records of Plaintiffs and putative Class Members to show that they received full and timely rest breaks or meal periods when they did not, and therefore denies those allegations and also denies all remaining allegations in Paragraph 53.

54.     McDonald's Restaurants of California denies the allegations in Paragraph 54.

55.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 55, and therefore denies them.

56.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 56, and therefore denies them.

57.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57, and therefore denies them.

58.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Haynes Partnership kept accurate records of, or provided putative Class Members with, accurate itemized wage statements reflecting all time that putative Class Members worked or the proper wage rates applicable to all hours that putative Class Members worked, and therefore denies those allegations and also denies all remaining allegations in Paragraph 58.

59.     McDonald's Restaurants of California denies the allegations in Paragraph 59.

60.     McDonald's Restaurants of California denies the allegations in Paragraph 60.

61.     McDonald's Restaurants of California admits that it is in the food service business. McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Haynes Partnership provided a limited number of uniforms to Class Members or had a policy or practice that provided for the maintenance of uniforms, reimbursement for uniform maintenance expenses, or payment for time spent maintaining uniforms, and therefore denies those allegations.  McDonald's Restaurants of California also lacks sufficient knowledge or information to admit or deny whether Plaintiffs and Class Members have incurred expenses or spent time maintaining their uniforms or whether their uniforms regularly become greasy or dirty and necessitate special and/or frequent cleaning, and therefore denies those allegations. McDonald's Restaurants of California denies the remaining allegations in Paragraph 61.

62.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62, and therefore denies them.

63.     McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63, and therefore denies them.

64.     McDonald's Restaurant s of California denies that the sole purpose of the McDonald's System is to promote uniformity of operations.  McDonald's Restaurants of California admits the remaining allegations in Paragraph 64.

8

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**

65.     McDonald's Restaurants of California states, upon information and belief, that the internal and publicly filed documents referenced in Paragraph 65, to the extent authenticated, are documents that speak for themselves.  McDonald's Restaurants of California denies any remaining allegations in Paragraph 65.

66.     McDonald's Restaurants of California denies the allegations in Paragraph 66.

67.     McDonald's Restaurants of California admits that Defendant Haynes Partnership is the assignee of a franchise agreement with McDonald's USA.  McDonald's Restaurants of California states that the terms of the franchise agreement speak for themselves and denies the remaining allegations in Paragraph 67.

68.     McDonald's Restaurants of California denies the allegations of Paragraph 68.

69.     McDonald's Restaurants of California admits that McDonald's USA maintains National Franchising Standards.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 69.

70.     McDonald's Restaurants of California admits that the McDonald's USA Franchise Disclosure Document states that "McDonald's does not require that you purchase or lease goods, services, supplies, fixtures, equipment, inventory, or computer hardware and software from McDonald's or our designees in the establishment or operation of your McDonald's restaurant business. . . . [W]e require that these items and sources of supply meet the specifications, requirements, and standards that McDonald's has . . . formulated for use in the McDonald's System."  McDonald's Restaurants of California denies the remaining allegations in Paragraph 70.

71.     McDonald's Restaurants of California denies the allegations in Paragraph 71.

72.     McDonald's Restaurants of California admits that McDonald's USA periodically assesses franchisees' compliance with National Franchising Standards.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 72.

73.     McDonald's Restaurants of California admits that the McDonald's USA franchise agreements are for fixed terms, usually 20 years, and do not grant franchisees an automatic renewal option.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 73.

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**

74. McDonald's Restaurants of California denies the allegations in Paragraph 74.

75. McDonald's Restaurants of California denies the allegations in Paragraph 75.

76. McDonald's Restaurants of California admits that a strategic "Plan to Win" was announced in 2003, one element of which is "People." McDonald's Restaurants of California denies the remaining allegations in Paragraph 76.

77. McDonald's Restaurants of California denies the allegations in Paragraph 77.

78. McDonald's Restaurants of California admits that an Operations Consultant employed by McDonald's USA is assigned to consult with a franchisee. McDonald's Restaurants of California denies the remaining allegations in Paragraph 78.

79. McDonald's Restaurants of California denies the allegations in Paragraph 79.

80. McDonald's Restaurants of California denies the allegations in Paragraph 80.

81. McDonald's Restaurants of California admits that McDonald's USA periodically evaluates franchisees in the areas of quality, service, and cleanliness, and scores the evaluations. McDonald's Restaurants of California denies the remaining allegations in Paragraph 81.

82. McDonald's Restaurants of California admits that Operations Consultants consult with franchisees on compliance with operational standards that are in place for McDonald's franchise-owned restaurants, including on topics of food assembly and quality, cleanliness, customer interaction, and placement and use of promotional materials, and that Operations Consultants may consult with a franchisee on areas for improvement and consult with them to develop a plan for addressing those areas. McDonald's Restaurants of California denies the remaining allegations in Paragraph 82.

83. McDonald's Restaurants of California admits that Operations Consultants infrequently conduct announced and unannounced visits at McDonald's franchise restaurants, during which visits the Operations Consultant considers the franchisee's compliance with operational standards, and also admits that a follow up visit occurs when a franchisee achieves a failing score in categories of Quality, Service, or Cleanliness, or exhibits food safety concerns. McDonald's Restaurants of California denies the remaining allegations in Paragraph 83.

84. McDonald's Restaurants of California denies the allegations in Paragraph 84.

10

85.     McDonald's Restaurants of California admits that the results of visits by Operations Consultants are considered in deciding whether a franchisee is eligible for a new franchise agreement and may obtain additional franchises.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 85.

86.     McDonald's Restaurants of California denies the allegations in Paragraph 86.

87.     McDonald's Restaurants of California denies the allegations in Paragraph 87.

88.     McDonald's Restaurants of California admits that training is available for certain franchisees' management employees on state law requirements for breaks and overtime, restaurant staffing, restaurant positioning, and understanding fixed and variable labor hours.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 88.

89.     McDonald's Restaurants of California denies the allegations in Paragraph 89.

90.     McDonald's Restaurants of California admits that McDonald's Corporation's February 2014 Form 10-K contains the quoted language, but denies Plaintiffs' characterization of the quoted language is accurate.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 90.

91.     McDonald's Restaurants of California denies the allegations in Paragraph 91.

92.     McDonald's Restaurants of California denies the allegations in Paragraph 92.

93.     McDonald's Restaurants of California admits that an Operations & Training Manual is available for each franchisee that sets forth some standards and requirements and also training and reference materials are available for franchisees to use (or not use) in their discretion, subject to the terms of the franchise agreement and National Franchising Standards.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 93.

94.     McDonald's Restaurants of California denies the allegations in Paragraph 94.

95.     McDonald's Restaurants of California denies the allegations in Paragraph 95.

96.     McDonald's Restaurants of California admits that the franchise agreement requires franchise-owned restaurants to remain open seven days per week from at least 7:00 a.m. to 11:00 p.m.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 96.

97.     McDonald's Restaurants of California admits that Operations Consultants consider

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**

the speed of service at franchise restaurants to which they are assigned and, as an example of one metric, consider whether a drive-thru transaction was completed in a particulate timeframe from the time the customer joins the drive-thru line to the time the order is presented to the customer. McDonald's Restaurants of California denies the remaining allegations in Paragraph 97.

98.    McDonald's Restaurants of California admits that franchisees can choose to utilize software to create a positioning guide as a resource for positioning employees and assigning tasks at their restaurant.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 98.

99.    McDonald's Restaurants of California denies the allegations in Paragraph 99.

100.    McDonald's Restaurants of California denies the allegations in Paragraph 100.

101.    McDonald's Restaurants of California admits that Operations Consultants periodically consult with franchisees about the speed of service at their restaurants.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 101.

102.    McDonald's Restaurants of California admits that franchisees are required to use McDonald's proprietary hardware and software for the Point-of-Sale (POS) system, and most franchisees also use McDonald's In-Store Processor (ISP) software, which together are capable of receiving and storing data including sales, product mix, cash control, labor costs, and crew members' hours and schedules.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 102.

103.    McDonald's Restaurants of California admits that McDonald's has access to certain franchisee restaurant-level information.  McDonald's Restaurants of California denies the remaining allegations in Paragraph 103.

104.    McDonald's Restaurants of California denies the allegations in Paragraph 104.

105.    McDonald's Restaurants of California denies the allegations in Paragraph 105.

106.    McDonald's Restaurants of California admits that ISP software can identify when crew members have worked hours that qualify for overtime pay based on parameters that the franchisees can set at their own discretion and that ISP software can produce a report showing crew members' hours worked.  McDonald's Restaurants of California denies the remaining

1    allegations in Paragraph 106.

2        107.    McDonald's Restaurants of California denies the allegations in Paragraph 107.

3        108.    McDonald's Restaurants of California denies the allegations in Paragraph 108.

4        109.    McDonald's Restaurants of California admits that the POS and ISP together can

5 record a franchisee's employees' time punches and print a paper receipt of an employee's

6 recorded time punches.  McDonald's Restaurants of California lacks sufficient knowledge or

7 information to admit or deny the remaining allegations in Paragraph 109, and therefore denies

8 them.

9        110.    McDonald's Restaurants of California lacks sufficient knowledge or information

10 to admit or deny whether Restaurant managers have authority to edit records of punch-in and

11 punch-out entries made by crew members, and therefore denies those allegations and also denies

12 the remaining allegations in Paragraph 110.

13                     **JOINT LIABILITY ALLEGATIONS**

14        111.    The allegations in Paragraph 111 that McDonald's and Haynes Partnership are

15 "joint employers" constitute a legal conclusion not subject to admission or denial.  To the extent

16 that the allegation does require admission or denial, McDonald's Restaurants of California denies

17 it and also denies the remaining allegations in Paragraph 111.

18        112.    McDonald's Restaurants of California denies the allegations in Paragraph 112.

19        113.    McDonald's Restaurants of California denies the allegations in Paragraph 113.

20        114.    McDonald's Restaurants of California denies the allegations in Paragraph 114.

21        115.    McDonald's Restaurants of California denies the allegations in Paragraph 115.

22        116.    McDonald's Restaurants of California denies the allegations in Paragraph 116.

23        117.    McDonald's Restaurants of California denies the allegations in Paragraph 117.

24        118.    McDonald's Restaurants of California denies the allegations in Paragraph 118.

25        119.    McDonald's Restaurants of California denies the allegations in Paragraph 119.

26        120.    McDonald's Restaurants of California denies the allegations in Paragraph 120.

27        121.    The allegation in Paragraph 121 that McDonald's "suffered or permitted"

28 Plaintiffs and putative Class Members to work is a legal conclusion not subject to admission or

1  denial.  To the extent that the allegation does require admission or denial, McDonald's

2  Restaurants of California denies it and also denies all remaining allegations in Paragraph 121.

3     122. The allegations in Paragraph 122 constitute legal conclusions not subject to

4  admission or denial.  To the extent that the allegations do require admission or denial,

5  McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny

6  the allegations in Paragraph 122, and therefore denies them.

7     123. McDonald's Restaurants of California denies the allegations in Paragraph 123.

8     124. McDonald's Restaurants of California denies the allegations in Paragraph 124.

9     125. McDonald's Restaurants of California denies the allegations in Paragraph 125.

10     126. McDonald's Restaurants of California denies the allegations in Paragraph 126.

11     127. McDonald's Restaurants of California denies the allegations in Paragraph 127.

12     128. McDonald's Restaurants of California denies the allegations in Paragraph 128.

13     129. McDonald's Restaurants of California denies the allegations in Paragraph 129.

14     130. McDonald's Restaurants of California denies the allegations in Paragraph 130.

15     131. McDonald's Restaurants of California denies the allegations in Paragraph 131.

16     132. McDonald's Restaurants of California denies the allegations in Paragraph 132.

17     133. McDonald's Restaurants of California admits that McDonald's USA or

18  McDonald's Corporation has been the owner and/or lessee of property located at 7300 Bancroft,

19  2520 East 12th Street, 6300 E. 14th Street, 9725 E. 14th Street, 2208 McArthur Blvd., and 8400

20  Edgewater Dr. in Oakland, California, and McDonald's USA is the only franchisor of the

21  restaurants identified in the Complaint during the Class Period.  McDonald's Restaurants of

22  California lacks sufficient knowledge or information to admit or deny the remaining allegations in

23  Paragraph 133, and therefore denies them.

24     134. McDonald's Restaurants of California denies the allegations in Paragraph 134.

25     135. McDonald's Restaurants of California denies the allegations in Paragraph 135.

26     136. McDonald's Restaurants of California denies the allegations in Paragraph 136.

27     137. McDonald's Restaurants of California denies the allegations in Paragraph 137.

28     138. McDonald's Restaurants of California denies the allegations in Paragraph 138.

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**

139.   McDonald's Restaurants of California denies the allegations in Paragraph 139.

**CLASS ACTION ALLEGATIONS**

140.   McDonald's Restaurants of California admits that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure 23, but denies that class certification is appropriate and denies the remaining allegations in Paragraph 140.

141.   The allegations in Paragraph 141 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

142.   The allegations in Paragraph 142 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

143.   The allegations in Paragraph 143 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

144.   The allegations in Paragraph 144 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

145.   The allegations in Paragraph 145 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

146.   The allegations in Paragraph 146 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

147.   The allegations in Paragraph 147 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

**FIRST CLAIM FOR RELIEF**

**Failure to Pay All Wages When Due**

15

**[Cal. Labor Code §§204, 206, 223, 225.5 1194.5 1195.5]**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

148.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

149.    McDonald's Restaurants of California denies that Paragraph 149 sets forth completely or accurately the applicable California Labor Code statutes and legal principles, and on that basis denies the allegations in Paragraph 149.

150.    McDonald's Restaurants of California denies the allegations in Paragraph 150.

151.    McDonald's Restaurants of California denies the allegations in Paragraph 151.

152.    McDonald's Restaurants of California denies the allegations in Paragraph 152.

153.    McDonald's Restaurants of California denies that the first allegation in Paragraph 153 sets forth completely or accurately the applicable statute and legal principles, and therefore denies it, denies all remaining allegations in Paragraph 153, and denies that Plaintiffs are entitled to any relief whatsoever.

**SECOND CLAIM FOR RELIEF**

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§510,1194,1194.5,1198; IWC Wage Order No. 5-2001, §3] (Brought by**

**All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

154.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

155.    McDonald's Restaurants of California denies that Paragraph 155 sets forth completely or accurately the applicable statute and legal principles, and on that basis denies the allegations in Paragraph 155.

156.    McDonald's Restaurants of California denies that Paragraph 156 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 156.

16

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**

157.    The allegations in Paragraph 157 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether Plaintiffs are current and former non-exempt employees, and therefore denies those allegations and also denies all remaining allegations in Paragraph 157.

158.    McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158, and therefore denies them.

159.    McDonald's Restaurants of California denies the allegations in Paragraph 159.

160.    McDonald's Restaurants of California denies the allegations in Paragraph 160.

161.    McDonald's Restaurants of California denies the allegations in Paragraph 161.

162.    McDonald's Restaurants of California denies that the first allegation in Paragraph 162 sets forth completely or accurately the applicable statute and legal principles, and therefore denies it, denies all remaining allegations in Paragraph 162, and denies that Plaintiffs are entitled to any relief whatsoever.

**THIRD CLAIM FOR RELIEF**

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§1182.12,1194,1194.2,1194.5,1197,1198;**

**IWC Wage Order No. 5-2001, §4]**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

163.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

164.    McDonald's Restaurants of California denies that Paragraph 164 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 164.

165.    McDonald's Restaurants of California denies that Paragraph 165 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 165.

17

1    166.   McDonald's Restaurants of California denies the allegations in Paragraph 166.

2    167.   McDonald's Restaurants of California denies the allegations in Paragraph 167.

3    168.   McDonald's Restaurants of California denies the allegations in Paragraph 168 and

4  denies that Plaintiffs are entitled to any relief whatsoever.

5    169.   McDonald's Restaurants of California denies that the first allegation in Paragraph

6  169 sets forth completely or accurately the applicable statute and legal principles, and therefore

7  denies it, denies all remaining allegations in Paragraph 169, and denies that Plaintiffs are entitled

8  to any relief whatsoever.

9                          **FOURTH CLAIM FOR RELIEF**

10      **Failure to Provide Required Meal Periods or Pay Missed Meal Period Wages**

11               **[Cal. Labor Code §§226.7, 512,1194.5,1198;**

12                    **IWC Wage Order No. 5-2001, §11]**

13        **(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

14                          **Against All Defendants)**

15     170.   McDonald's Restaurants of California hereby incorporates its answers to all

16  preceding paragraphs by reference as if set forth fully herein.

17     171.   McDonald's Restaurants of California denies that Paragraph 171 sets forth

18  completely or accurately the applicable statutes and legal principles, and on that basis denies the

19  allegations in Paragraph 171.

20     172.   McDonald's Restaurants of California denies that Paragraph 172 sets forth

21  completely or accurately the applicable statutes and legal principles, and on that basis denies the

22  allegations in Paragraph 172.

23     173.   McDonald's Restaurants of California denies that the allegations in Paragraph 173

24  set forth completely or accurately the applicable statutes and legal principles therefore denies

25  them and also denies all remaining allegations in Paragraph 173.

26     174.   McDonald's Restaurants of California denies the allegations in Paragraph 174.

27     175.   McDonald's Restaurants of California denies the allegations in Paragraph 175.

28     176.   McDonald's Restaurants of California denies the allegations in Paragraph 176.

18

177.   McDonald's Restaurants of California denies that the first allegation in Paragraph 177 sets forth completely or accurately the applicable statute and legal principles, and therefore denies it, denies all remaining allegations in Paragraph 177, and denies that Plaintiffs are entitled to any relief whatsoever.

## FIFTH CLAIM FOR RELIEF

**Failure to Provide Required Rest Breaks or Pay Missed Rest Break Wages [Cal.**

**Labor Code §§226.7,1194.5 1198; IWC Wage Order No. 5-2001, §12] (Brought by**

**All Plaintiffs on behalf of Themselves and the Plaintiff Class Against All**

**Defendants)**

178.   McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

179.   McDonald's Restaurants of California denies that Paragraph 179 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 179.

180.   McDonald's Restaurants of California denies that Paragraph 180 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 180.

181.   McDonald's Restaurants of California denies that the allegations in Paragraph 181 set forth completely or accurately the applicable statutes and legal principles, and therefore denies them and also denies all remaining allegations in Paragraph 181.

182.   McDonald's Restaurants of California denies the allegations in Paragraph 182.

183.   McDonald's Restaurants of California denies the allegations in Paragraph 183.

184.   McDonald's Restaurants of California denies the allegations in Paragraph 184 and denies that Plaintiffs are entitled to any relief whatsoever.

185.   McDonald's Restaurants of California denies that the first allegation in Paragraph 185 sets forth completely or accurately the applicable statute and legal principles, and therefore denies it, denies all remaining allegations in Paragraph 185, and denies that Plaintiffs are entitled to any relief whatsoever.

**SIXTH CLAIM FOR RELIEF**

**Failure to Maintain Required Records**

**[Cal. Labor Code §§226,1174,1194.5,1198; IWC Wage Order No. 5-2001 §7] (Brought by**

**All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

186.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

187.    McDonald's Restaurants of California denies that Paragraph 187 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 187.

188.    McDonald's Restaurants of California denies that Paragraph 188 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 188.

189.    McDonald's Restaurants of California denies that it is obligated to maintain such records and denies the remaining allegations in Paragraph 189.

190.    McDonald's Restaurants of California denies that it is obligated to maintain such records and denies the remaining allegations in Paragraph 190.

191.    McDonald's Restaurants of California denies that it is obligated to maintain such records and denies the remaining allegations in Paragraph 191.

192.    McDonald's Restaurants of California denies that it is obligated to maintain such records, denies the remaining allegations in Paragraph 2192, and denies that Plaintiffs are entitled to any relief whatsoever.

193.    McDonald's Restaurants of California denies that Paragraph 193 sets forth completely or accurately the applicable statute and legal principles, and therefore denies it, denies all remaining allegations in Paragraph 193, and denies that Plaintiffs are entitled to any relief whatsoever.

**SEVENTH CLAIM FOR RELIEF**

**Failure to Furnish Accurate Itemized Wage Statements**

20

**[Cal. Labor Code §§204, 226; IWC Wage Order No. 5-2001, §7]**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

194.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

195.    McDonald's Restaurants of California denies that Paragraph 195 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 195.

196.    McDonald's Restaurants of California denies that Paragraph 196 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 196.

197.    McDonald's Restaurants of California denies that Paragraph 197 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 197.

198.    McDonald's Restaurants of California denies that Paragraph 198 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 198.

199.    McDonald's Restaurants of California denies the allegations in Paragraph 199.

200.    McDonald's Restaurants of California denies the allegations in Paragraph 200 and denies that Plaintiffs are entitled to any relief whatsoever.

201.    McDonald's Restaurants of California denies that Paragraph 201 sets forth completely or accurately the applicable statutes and legal principles, denies the remaining allegations in Paragraph 201, and denies that Plaintiffs are entitled to any relief whatsoever.

**EIGHTH CLAIM FOR RELIEF**

**Failure to Indemnify Employees for Necessary Expenses**

**[Cal. Labor Code §§221, 450,1198, 2802,1194.5; IWC Wage Order No. 5 2001, §§8, 9]**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

21

202.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

203.    McDonald's Restaurants of California denies that Paragraph 203 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 203.

204.    McDonald's Restaurants of California denies the allegations in Paragraph 204.

205.    McDonald's Restaurants of California denies the allegations in Paragraph 205.

206.    McDonald's Restaurants of California denies the allegations in Paragraph 206.

207.    McDonald's Restaurants of California denies the allegations in Paragraph 207.

208.    McDonald's Restaurants of California denies the allegations in Paragraph 208.

209.    McDonald's Restaurants of California denies the allegations in Paragraph 209.

210.    McDonald's Restaurants of California denies that the first allegation in Paragraph 210 sets forth completely or accurately the applicable statute and legal principles, and therefore denies it, denies all remaining allegations in Paragraph 210, and denies that Plaintiffs are entitled to any relief whatsoever.

**NINTH CLAIM FOR RELIEF**

**Negligence**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class Against Defendant McDonald's)**

211.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

212.    McDonald's Restaurants of California denies the allegations in Paragraph 212.

213.    The allegations in Paragraph 213 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

214.    McDonald's Restaurants of California denies the allegations in Paragraph 214.

215.    McDonald's Restaurants of California denies the allegations in Paragraph 215.

**TENTH CLAIM FOR RELIEF**

**California Labor Code Private Attorneys General Act**

**[Cal. Labor Code §2698 et seq.]**

**(Brought by All Plaintiffs on behalf of Themselves, the Plaintiff Class, all similarly situated current and former McDonald's employees, and the Public Against All Defendants)**

216.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

217.    McDonald's Restaurants of California denies that Paragraph 217 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 217.

218.    McDonald's Restaurants of California denies that Paragraph 218 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 218.

219.    McDonald's Restaurants of California denies the allegations in Paragraph 219.

220.    McDonald's Restaurants of California denies that Paragraph 220 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 220.

221.    McDonald's Restaurants of California denies that Paragraph 221 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 221.

222.    McDonald's Restaurants of California denies that Paragraph 222 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 222.

223.    McDonald's Restaurants of California denies the allegations in Paragraph 223.

224.    McDonald's Restaurants of California denies that it, McDonald's USA, and McDonald's Corporation received written notices by certified mail of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated.  McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny whether on March 12, 2014, before filing the original Complaint in this action, Plaintiffs, on behalf of

23

1  themselves and all Class Members, gave written notice by certified mail to the California Labor

2  and Workforce Development Agency ("LWDA") and whether Plaintiffs Haynes Partnership

3  received a written notice by certified mail, and therefore denies those allegation. McDonald's

4  Restaurants of California admits that on April 8, 2014, the LWDA sent a letter to Plaintiffs stating

5  that it had received and reviewed Plaintiffs' notice and it did not intend to investigate the alleged

6  violations.

7      225.   McDonald's Restaurants of California lacks sufficient knowledge or information

8  to admit or deny whether on or about November 7, 2014, Plaintiffs sent a written Supplemental

9  Notice of Labor Law Violations under California Law, California Labor Code § 2699.3(a)(1) to

10  the LWDA. McDonald's Restaurants of California admits that Plaintiffs alleged provisions of the

11  California Labor Code and IWC Wage Orders alleged to have been violated, including failure to

12  indemnify employees for necessary expenditures incurred in discharge of their duties.

13  McDonald's Restaurants of California states that whether the notice sufficiently stated the facts

14  and theories to support the alleged violations constitute legal conclusions not subject to admission

15  or denial. To the extent that the allegation requires admission or denial, McDonald's Restaurants

16  of California denies it. McDonald's Restaurants of California lacks sufficient knowledge or

17  information to admit or deny the remaining allegations in Paragraph 225, and therefore denies

18  them.

19      226.   The allegations in Paragraph 226 constitute legal conclusions not subject to

20  admission or denial. To the extent that the allegations do require admission or denial,

21  McDonald's Restaurants of California lacks sufficient knowledge or information to admit or deny

22  the allegations in Paragraph 226, and therefore deny them.

23      227.   McDonald's Restaurants of California denies the allegations in Paragraph 227.

**ELEVENTH CLAIM FOR RELIEF**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §17200 et seq.]**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

228.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

229.    McDonald's Restaurants of California denies the allegations in Paragraph 229.

230.    McDonald's Restaurants of California denies the allegations in Paragraph 230.

231.    McDonald's Restaurants of California denies the allegations in Paragraph 231.

**TWELFTH CLAIM FOR RELIEF**

**Declaratory Judgment**

**[Cal. Code of Civil Procedure §1060 et seq.]**

**(Brought by All Plaintiffs on behalf of Themselves and the Plaintiff Class**

**Against All Defendants)**

232.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

233.    The allegations in Paragraph 233 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

234.    McDonald's Restaurants of California admits that Plaintiffs contend that Defendants have committed and continue to commit the violations alleged in this Complaint. McDonald's Restaurants of California denies all remaining allegations in Paragraph 234 and denies that Plaintiffs are entitled to any relief whatsoever.

**THIRTEENTH CLAIM FOR RELIEF**

**Retaliation**

**[Cal. Labor Code §98.6]**

**(Brought by Plaintiff Salazar Against All Defendants )**

235.    McDonald's Restaurants of California hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

236.    McDonald's Restaurants of California denies that Paragraph 236 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 236.

25

237.     The allegations in Paragraph 237 constitute legal conclusions not subject to admission or denial.  To the extent that the allegations do require admission or denial, McDonald's Restaurants of California denies them.

238.     McDonald's Restaurants of California denies that Paragraph 238 sets forth completely or accurately the applicable statutes and legal principles, and on that basis denies the allegations in Paragraph 238.

239.     McDonald's Restaurants of California denies the allegations in Paragraph 239.

240.     McDonald's Restaurants of California denies the allegations in Paragraph 240.

## PRAYER FOR RELIEF

McDonald's Restaurants of California denies the allegations in the WHEREFORE paragraph (paragraphs 1 through 18) and denies that Plaintiffs are entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

Without conceding that it bears the burden of proof or persuasion, McDonald's Restaurants of California asserts the following separate and additional defenses:

### First Defense

### (Failure to State a Cause of Action – All Causes of Action)

1.     Neither Plaintiffs' Complaint nor any purported cause of action alleged therein states facts sufficient to constitute claims upon which relief can be granted against McDonald's Restaurants of California.

### Second Defense

### (Improper Defendants - All Causes of Action)

2.     Plaintiffs' claims, and those of putative class members, are barred, in whole or in part, as McDonald's Restaurants of California is an improper party as it was not Plaintiffs' employer.

### Third Defense

### (Laches, Unclean Hands, Waiver and Estoppel – All Causes of Action)

3.      Plaintiffs are not entitled to any relief to the extent they forfeited their right to relief under the doctrines of laches or unclean hands, waived their right to relief, or are estopped from seeking the relief requested in the Complaint.

### Fourth Defense

### (Failure to Exhaust Administrative Remedy –All Causes of Action)

4.      Plaintiffs have failed to exhaust their administrative remedies under applicable law, including, but not limited to, the Labor Code Private Attorney General Act of 2004 (Labor Code Section 2698, *et seq*.), and therefore Plaintiffs' legal causes of action are barred.

### Fifth Defense

### (Statute of Limitations – All Causes of Action)

5.      Plaintiffs' claims and the claims of those they seek to represent, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure §§ 335, 337, 338, 339, and 340, Labor Code §2699.3, and California Business and Professions Code § 17208.

### Sixth Defense

### (Certification Not Appropriate – All Causes of Action)

6.      Plaintiffs' claims are not appropriate for class treatment because, among other things, the issues raised in Plaintiffs' Complaint lack sufficient typicality, commonality, and numerosity to support certification of the class.  Additionally, individualized issues predominate and class treatment would neither be manageable nor a superior method for addressing the claims raised in the Complaint.  Further, Plaintiffs are not adequate class representatives.

### Seventh Defense

### (Due Process, Class Action – All Causes of Action)

7.      Plaintiffs' attempt to pursue this case as a class action violates McDonald's Restaurants of California's constitutional rights to a jury trial and to due process, and Plaintiffs' attempts to pursue this case as a class action fail because an independent and individual analysis of Plaintiffs' claims and the claims of each putative class member and each of the McDonald's Restaurants of California's defenses is required.

27

1

2

**Eighth Defense**

**(No Willfulness – All Causes of Action)**

3          8.          Plaintiffs are not entitled to the relief requested in the Complaint because, even if

4    unlawful actions occurred, which McDonald's Restaurants of California denies, such conduct was

5    not committed, countenanced, ratified or approved by managing agents of McDonald's

6    Restaurants of California.  McDonald's Restaurants of California acted in good faith and had

7    reasonable grounds for believing that it did not employ Plaintiffs or putative class members and

8    that it was in compliance with the California Labor Code, the wage orders of the Industrial

9    Welfare Commission as well as all other applicable state and federal laws.

10

**Ninth Defense**

11

**(Lack of Knowledge – Eighth Cause of Action)**

12          9.          The claims of Plaintiffs, and the putative class members, for business expense

13    reimbursements are barred because McDonald's Restaurants of California lacked actual or

14    constructive knowledge that Plaintiffs and/or those they seek to represent incurred business

15    expenses that are reimbursable under Labor Code § 2802.

16

**Tenth Defense**

17

**(Conditions Precedent - Eighth Cause of Action)**

18          10.          Plaintiffs' claims for alleged failure to reimburse employee expenses are barred

19    because Plaintiffs failed to meet the conditions precedent for the payment of such expenses.

20

**Eleventh Defense**

21

**(Workers' Compensation Preemption – Ninth Cause of Action)**

22          11.          Plaintiffs' claims, and the claims of those they seek to represent, are barred and

23    preempted by the exclusivity provision of the California Workers' Compensation Act.  Plaintiffs

24    were covered by the Workers' Compensation Act at the time of Plaintiffs' alleged injuries and

25    said injures arose, if at all, out of Plaintiffs' employment.

26

**Twelfth Defense**

27

**(Private Attorney Generals Act – Tenth Cause of Action)**

28

12.     Plaintiffs' claims are barred to the extent that the California Labor and Workforce Development Agency conducts an investigation into Plaintiffs' claims for relief under the Private Attorney Generals Act of 2004 (Lab. Code § 2698 *et seq*.) and issues citations regarding such claims.

**Thirteenth Defense**

**(Right to Cure – Tenth Cause of Action)**

13.     Plaintiffs' tenth cause of action is barred because McDonald's Restaurants of California has a right to cure any alleged violations.

**Fourteenth Defense**

**(Lack of Competitive Injury – Eleventh Cause of Action)**

14.     Plaintiffs lack standing under Business and Professions Code Section 17200 *et seq.*, because neither they nor the alleged class have suffered a competitive injury.

**Fifteenth Defense**

**(Failure to State Claim for Punitive Damages)**

15.     Plaintiff Salazar is not entitled to recover any punitive, double or exemplary damages, and any allegations with respect thereto should be stricken because Plaintiff Salazar has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice.

**Sixteenth Defense**

**(Violation of Due Process, Disgorgement of Profits, and Statutory Penalties –**

**All Causes of Action)**

16.     The imposition of statutory penalties and/or a disgorgement of profits remedy would violate McDonald's Restaurants of California's rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

**Seventeenth Defense**

**(No Penalties or Premium Pay –All Causes of Action)**

17.     Plaintiffs and those they seek to represent are not entitled to any penalty award or premium pay under the California Labor Code, at all times relevant and material herein, as

29

1  McDonald's Restaurants of California did not willfully fail to comply with the compensation

2  provisions of the California Labor Code, but rather acted in good faith and had reasonable

3  grounds for believing that they did not employ Plaintiffs or putative class members and did not

4  violate the compensation provisions of the California Labor Code.

5  **Eighteenth Defense**

6  **(Injunctive Relief Improper – All Causes of Action)**

7      18.      Plaintiffs' claims for injunctive relief are barred because Plaintiffs and those they

8  seek to represent have an adequate and complete remedy at law, and/or Plaintiffs cannot make the

9  requisite showing to obtain injunctive relief under California law.

10  **Additional Defenses**

11      McDonald's Restaurants of California has not knowingly or intentionally waived any

12  applicable affirmative or other defenses and reserves the right to assert and rely on such other

13  applicable affirmative or other defenses as may later become available or apparent.  McDonald's

14  Restaurants of California further reserves the right to amend its answer and/or affirmative or other

15  defenses accordingly and/or to delete defenses that it determines are not applicable during the

16  course of subsequent discovery.

17
18  Dated: November 24, 2014                    JONES DAY

19
20                                             By:   /s/ Elizabeth B. McRee
                                                   Fred W. Alvarez
21                                                 Allison B. Moser
                                                   Matthew W. Lampe
22                                                 Elizabeth B. McRee

23                                             Attorneys for Defendants
                                               MCDONALD'S CORPORATION,
24                                             MCDONALD'S USA, and MCDONALD'S
                                               RESTAURANTS OF CALIFORNIA, INC.

25
26  CHI-181949280v2

27
28
                                             30
**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO**
**PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:14-cv-02096-RS**