MICHAEL RUBIN (SBN 80618)
BARBARA J. CHISHOLM (SBN 224656)
P. CASEY PITTS (SBN 262463)
MATTHEW J. MURRAY (SBN 271461)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  mrubin@altber.com
         bchisholm@altber.com
         cpitts@altber.com
         mmurray@altber.com

JOSEPH M. SELLERS (*pro hac vice*)
ABIGAIL E. SHAFROTH (*pro hac vice*)
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail:  jsellers@cohenmilstein.com
         ashafroth@cohenmilstein.com

*Attorneys for Plaintiffs*

*Attorneys for Defendants on next page*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| GUADALUPE SALAZAR, *et al.*, | **CASE NO. 3:14-cv-02096-RS** |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| MCDONALD'S CORP., *et al.*, | |
| Defendants. | Complaint Filed:   March 12, 2014 |

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CASE NO. 3:14-cv-02096-RS**

FPDOCS 30421079.1

Fred W. Alvarez (State Bar No. 68115)
Allison B. Moser (State Bar No. 223065)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: falvarez@jonesday.com
       amoser@jonesday.com

Matthew W. Lampe (*pro hac vice*)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: mlampe@jonesday.com

Elizabeth B. McCree (*pro hac vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Email: emcree@jonesday.com

*Attorneys for Defendants McDonald's Corporation, McDonald's U.S.A. LLC, And McDonald's Restaurants of California, Inc.*

Regina R. Petty (SBN 106163)
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601
Email: rpetty@laborlawyers.com

Katarzyna W. Nowak (SBN 256977)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile: (415) 490-9001
Email: knowak@laborlawyers.com

*Attorneys for Defendant Bobby O. Haynes Sr. and Carol R. Haynes Family Limited Partnership d/b/a McDonald's*

The Parties to the above-captioned action HEREBY STIPULATE AND AGREE, by and through their undersigned counsel, that the following specifications shall govern discovery of all documents, electronically stored information ("ESI"), and any other materials and information produced by the Parties during discovery in the above-captioned action.

**I.   General**

A.   The Parties shall take reasonable steps to comply with the procedures set forth in this Stipulation.

B.   To the extent reasonably possible, the production of documents shall be conducted to maximize efficient and quick access to documents and minimize related discovery costs. The terms of this Stipulation shall be construed so as to ensure the prompt, efficient, and cost-effective exchange of information consistent with applicable law, the local rules of court, the Parties' previous meet and confer discussions and/or agreements, and any orders by this Court.

   1.   Except as specifically limited herein, this Stipulation governs the production of discoverable documents by the Parties during the litigation. In the event of transfer to other courts, this Stipulation will remain in effect in all respects, until adopted by the transferee court or replaced by a successor agreement.

   2.   This Stipulation shall not enlarge, reduce, or otherwise affect the scope of discovery in this litigation as governed by the Federal Rules of Civil Procedure, the local rules of court, the Parties' previous meet and confer discussions and/or agreements, and the Court's orders (other than any default rules governing electronic discovery which this Stipulation explicitly replaces), nor imply that discovery produced under the terms of this Stipulation is properly discoverable, relevant, or admissible in this or in any other litigation.

   3.   Subject to this Stipulation, the Parties' objections and responses to requests for production of documents, and subject to any Protective Order signed by the parties and entered by the Court, all documents that are responsive to discovery requests and not designated as "privileged" shall be produced in the manner provided herein. Nothing in this Stipulation shall be interpreted to require disclosure of materials that a Party contends are not discoverable or are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

any other privilege that may be applicable. Additionally, nothing in this Stipulation shall be deemed to waive or limit any Party's right to object to the production of certain electronically stored information, or to move to compel, pursuant to the Federal Rules of Civil Procedure, on the ground that the sources are not reasonably accessible because of undue burden or cost, or on the ground that there is good cause for the documents' production, respectively.

4. The Parties agree to promptly alert all other Parties concerning any technical problems associated with complying with this Stipulation. To the extent compliance with this Stipulation imposes an undue burden with respect to any protocol, source, or search term listed herein, the Parties shall promptly confer in an effort to resolve the issue.

5. Consistent with the Northern District of California's Guidelines for the Discovery of Electronically Stored Information, and the Parties' obligations under applicable provisions of the Federal Rules of Civil Procedure, the Parties will attempt to resolve, in person, in writing (including e-mail), or by telephone, disputes regarding the issues set forth herein prior to filing a motion with the Court, or otherwise seeking relief. If the Parties are unable to resolve the dispute after a good faith effort, the Parties may seek Court intervention in accordance with the Court's procedures.

**II.     Production Format**

A.     Hard Copy Documents: To the extent the producing Party (including its counsel) has already scanned or imaged documents kept in hard copy form into an electronic format or scans such documents into electronic format for its own review and purposes, such documents shall be produced in electronic format to the receiving Party. If the producing Party maintains such documents in TIFF format (as described below), it shall produce in that format to any receiving Party that so requests, and Plaintiffs and the McDonald's Defendants do so request. For any hard copy documents not already scanned or for which the producing Party (including its counsel) does not scan the documents into electronic format for its own review and purposes, such documents shall be scanned and produced in TIFF image or .pdf format with legible, unique identifiers ("Bates numbers") and OCR text, at the receiving Party's request, and the Parties shall confer as to the feasibility of splitting the cost of converting documents into such format.

2

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CASE NO. 3:14-cv-02096-RS**

FPDOCS 30421079.1

Scanned TIFF and .pdf images shall be produced with a delimited load file that includes the page-document relationship, beginning and ending Bates numbers and page count except that Bobby O. Haynes Sr. and Carol R. Haynes Family Limited Partnership ("Haynes" or "Haynes Organization") shall not be required to bear the expense of creating TIFF format or of creating a load file for TIFF and .pdf images but will produce hard copy documents individually as delineated .pdf files. Nothing in this Stipulation shall preclude a Party, when appropriate under the Federal Rules of Civil Procedure, from making hard copy documents available for inspection if they are not already imaged or in electronic form.

B. <u>Electronically Stored Information (ESI)</u>: Except as otherwise noted herein, ESI will generally be produced in single page, 300 DPI, black and white, Group IV TIFF format or .pdf format, depending on the preference of the receiving Party. As Plaintiffs have requested the TIFF format, productions to Plaintiffs will be made in such format except as otherwise indicated herein or agreed by the Parties. Each page image file shall be named with the unique Bates number of the page of document, followed by the extension ".TIF". The TIFF or .pdf files shall be produced with a delimited load-file that identifies page-document relationships, the Bates number, extracted full text (in the case where a document is being produced in redacted form, OCR for the redacted image will be included to avoid disclosure of the redacted text and so that the redacted text will not be produced), and an image link for images. Haynes shall inform Plaintiffs if production of some or all of its ESI in TIFF format is not practicable, and if it is not practicable, Haynes shall not be required to incur the expense of producing documents in TIFF format with delimited load-files and the parties will discuss reasonable alternatives, including production in native format. The Parties will discuss reasonable requests for production in native format beyond those types of documents discussed below in Part E, as well as production of color or oversized documents, on a document-by-document or category-by-category basis.

C. <u>Bates Numbering</u>: Each page of a produced document will have a Bates number electronically "burned" onto the image that includes an alpha prefix along with a fixed number, i.e., ABC000001. This format must remain consistent across all production numbers and be placed on the lower right corner of all images so as not to unreasonably obliterate or obscure any

3
**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CASE NO. 3:14-cv-02096-RS**

FPDOCS 30421079.1

information. No other legend or stamp will be placed on a document image other than confidentiality legends (where applicable) or redactions.

   D. <u>Associated Delimited Text File and Metadata Fields</u>: A database shall be provided in a ".dat" file format that extracts metadata into fields in a delimited text load file. For the Concordance .dat, the Parties should use Concordance standard delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote, ASCII 174 corresponding to a new line, and a semicolon used to separate values). Haynes shall not be required to incur the cost of providing a database for any production of documents maintained in hard copy, but shall provide .dat files for ESI unless the parties agree that doing so would be impracticable and agree upon a reasonable alternative. Reasonably accessible fielded data should be captured at the time of the collection, to the extent possible, and the fielded data should include all the metadata fields listed below for a file/document in addition to the unitization (including the production number of the first and last page of each document) and attachments (including information sufficient to identify the parent and child relationships of all documents that are or have attachments). The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document. Load files shall include the metadata fields listed below, or substantially identical metadata fields, to the extent already in existence and reasonably accessible. To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this Stipulation shall require any Party to extract, capture, collect or produce such data.

**Hard Copy**

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGBATES | Beginning production number or Bates number for a given file/document |
| ENDBATES | Ending production number or Bates number for a given file/document |

4

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| PAGECOUNT | Number of pages for the document |
| TEXT | Relative path to OCR (if agreed to be produced) |

ESI

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| BEGBATES | ABC000001 | Beginning production number or Bates number for a given file/document | E-mail and E-Doc |
| ENDBATES | ABC000002 | Ending production number or Bates number for a given file/document | E-mail and E-Doc |
| BEGATTACH | ABC000001 | Beginning production number or Bates number for the attachment range | E-mail and E-Doc |
| ENDATTACH | ABC000015 | Ending production number or Bates number for the attachment range | E-mail and E-Doc |
| ATTACHRANGE | ABC000001 – ABC000015 | Production number of first page of attachment range through last page of attachment range<br><br>All electronic documents attached to an e-mail will be produced contemporaneously and sequentially immediately after the parent e-mail. | E-mail and E-Doc |
| CUSTODIAN | Smith, John | Person, shared file, or other source from whom/which files were collected | E-mail and E-Doc |
| DUPLICATE CUSTODIAN | Brown, Julie | To identify other custodians whose files contained a particular document that was eliminated through de-duplication to the | E-mail and E-Doc |

5

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| | | extent not included in the CUSTODIAN field | |
| SUBJECT | Meeting Minutes | Subject line extracted from e-mail message | E-mail |
| FROM | Thompson, Frank | Sender | E-mail |
| TO | Coffman, Janice; Lee, William | Recipient | E-mail |
| CC | Cain, John | Copyee | E-mail |
| BCC | Stevens, Hunter | Blind Copyee | E-mail |
| DATESENT | 10/12/2012 | Sent date of an email message in the following format: MM/DD/YYYY | E-mail |
| TIMESENT | 07:05 PM | Time the email was sent | E-mail |
| DATERCVD | 10/12/2012 | Date an email message was received in the following format: MM/DD/YYYY | E-mail |
| TIMERCVD | 07:05 PM | Time the email was received | E-mail |
| AUTHOR* | Smith, John | Name of person who created document or email. Parties acknowledge that the Author field may not actually be the Author of the document. | E-Doc |
| TITLE | McDonald's Employee Handbook 2010 | Electronic title of document, to the extent it exists in metadata and is different than the FILENAME field | E-Doc |

6

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CASE NO. 3:14-cv-02096-RS

FPDOCS 30421079.1

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| FILENAME | October Agenda.doc | Original file name of native document | E-Doc |
| PATH | C:\My Documents\Agenda | Original path for documents (if this information has been captured) | E-mail and E-Doc |
| DATECREATED* | 10/1/2011 | Date document was created<br><br>Parties acknowledge that the Date Created field may not actually be the Date Created due to the ease of change to that field and the technical definition of the field (e.g., the created date reflects the date when the file was created in that particular location on the computer or on the other storage device location) | E-Doc |
| TIMECREATED* | 9:18 AM | Time document was created<br><br>Parties acknowledge that the Time Created field may not actually be the Time Created due to the ease of change to that field and the technical definition of the field (e.g., the created time reflects the time when the file was created in that particular location on the computer or on the other storage device location) | E-Doc |
| DATELASTMOD | 10/15/2011 | Date the document was last modified in MM/DD/YYYY format | E-Doc |
| TIMELASTMOD | 11:07 AM | Time file was last modified | E-Doc |
| FILEEXT | Msg | File extension of native document | E-mail and E-Doc |
| PAGECOUNT | 16 | Number of pages for the document | E-mail and E-Doc |

7

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| HASH | d131dd02c5e6eec5694d0698aff85c2fsch5876217eab40045733b8fb789 | MD5 or SHA1 Hash Value | E-mail and E-Doc |
| NATIVEFILE PATH | D:\001\ABC000005.xls | Path or hyperlink to documents being produced in native file format | Native |
| TEXT | Relative path to extracted text or OCR for the document | OCR or extracted text file | E-mail and E-Doc |

E.  **Files to be Produced in Native File Format:** Non-redacted Microsoft Access databases, Excel files, .CSV files, other similar databases and spreadsheet files, and audio or video media files, shall be produced in the format in which the electronically stored information was originally created (the "Native File") if the files are available in such format.  To the extent practicable, native Files will be produced together with a placeholder TIFF image; each TIFF placeholder will be produced with a legend stating "Document Produced Natively" or similar language and a relative file path to the Native File shall be provided in the metadata load file. The extractable metadata and text shall be produced in the same manner as other documents that originated in electronic form to the extent that metadata exists or is reasonably accessible or available for any files produced.  If a Producing Party wishes to designate a Native File "Confidential," it shall do so by producing the Native File on media that is labeled "Confidential" or by branding the placeholder TIFF image "Confidential."

F.  **Databases:**  The McDonald's and Haynes Defendants agree to identify and describe to Plaintiffs those databases that contain ESI responsive to document requests, as well as provide a summary of the type of responsive ESI in each database, within a timeframe agreed upon by the Parties.  The Parties shall cooperate to produce responsive ESI from any such database in a reasonably useable production format.

G. <u>Social Media</u>: ESI from social media websites (e.g., LinkedIn, Facebook, Twitter) may be produced by capturing information through "screen shots" or "screen captures" and converting same into images along with corresponding extracted text or OCR unless the Parties agree to perform bulk exports of accounts, such as by exporting out a profile from LinkedIn or downloading a copy of an individual's Facebook data or archive.

H. <u>Media</u>: Documents shall be exchanged on DVD-ROMs, CD-ROMs, USB drives, portable hard drives, or through secure file transfer protocols (e.g., FTP) or similar secure electronic transmission. The production media shall be labeled with the Volume Number and Production Date along with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter. Any document production that contains "non-public personal information" (as defined in the Gramm-Leach-Bliley Act) shall be produced in encrypted form. If a Producing Party encrypts or "locks" the production, the Producing Party shall send, under separate cover, an explanation of how to decrypt the files.

**III.   Deduplication**

A. <u>Global or Horizontal Deduplication</u>: A Party is only required to produce a single copy of a responsive document and a Party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For e-mails with attachments, the hash value shall be generated based on the parent-child document grouping. However, metadata identifying all custodians in possession of each document that is removed as a duplicate must be produced in the "CUSTODIAN" or "DUPLICATE CUSTODIAN" field in the production load file subject to any exceptions provided in the paragraph entitled "Associated Delimited Text File and Metadata Fields."

B. <u>Threading</u>: Each Party may also deduplicate e-mails in such a way as to eliminate earlier or incomplete chains of e-mails, and produce only the most complete iteration of an e-mail chain. Any deduplication tool used by a Party must ensure that an e-mail will be suppressed only if its recipients (including cc and bcc recipients), subject, body text (excluding specified automatic footers and normalized to consolidate white space) and attachments are wholly

9

included in another more complete e-mail. The Parties agree to meet and confer regarding the use of other deduplication methods.

### IV. Foreign Language Documents

To the extent that documents or ESI are produced that contain languages other than English, in whole or in part, the producing party shall produce all foreign language documents and ESI in the original language. The producing party has no obligation to provide a translation of the document or ESI or any portion thereof.

### V. Identification and Collection of Documents

A. Except as otherwise agreed upon in this Stipulation, the Parties will continue to meet and confer in an effort to agree upon the following:

    1. List of custodians;

    2. Search methodology and search terms to be applied;

    3. Location of relevant data sources including custodial, non-custodial and third-Party; and

    4. Applicable timeframe for collection and review of documents.

B. <u>Custodians:</u> To the extent a Party intends to collect responsive ESI for production by identifying particular ESI custodians, the Producing Party will provide the Requesting Party a list of proposed custodians, along with information related to why those specific custodians were chosen, including the dates the custodians held roles relevant to this matter. The Producing and Requesting Party will meet and confer in an effort to agree upon a list of custodians within an agreed upon timeframe.

C. <u>Search Methodology and Search Terms:</u>

    1. Email: To the extent a Party intends to collect responsive ESI from its email using search terms, the Producing Party will provide a list of proposed search terms to the Requesting Party within a timeframe agreed upon by the Parties. The Requesting Party will then provide any requested changes within two weeks. The Producing and Requesting Parties agree to

10

meet and confer within one week of the Requesting Party's requested changes to discuss additions, revisions, or deletions of any search term that the Producing Party identifies as being too burdensome. The Parties will meet and confer should they believe that search terms are needed for any subsequent requests for production. The Parties further agree that the fact that a document is hit or captured by the application of any agreed upon search terms does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation. Determinations of discoverability, responsiveness, and privilege may be made, in the first instance, by the Producing Party.

    2.  Non-Email: The Producing Party agrees to conduct a reasonable inquiry into potential sources for unique and discoverable non-email ESI within the Producing Party's possession, custody, or control, and to produce any responsive records identified from such sources. To the extent a Party intends to collect responsive ESI from non-email using search terms, it will follow the procedures described in Section V.C.1. immediately above.

  D.  Location of ESI: ESI will be collected from custodians agreed upon by the Parties by searching those custodians' local hard drives, network drives or active server directories (i.e., shared drives), reasonably accessible email accounts, and removable or portable media (including thumb or flash drives, external hard drives, CDs, or DVDs) to the extent that these sources contain potentially relevant information. Non-custodial sources, such as databases, shared email accounts, AccessMCD, and SharePoint, will further be searched to the extent the Producing Party determines such locations are reasonably likely to have relevant information and are within the Producing Party's possession, custody, or control.

  E.  Timeframe for Collection and Review of Documents: The Parties agree that Plaintiffs have contended that the applicable claims period in this case extends from March 12, 2010 through the present, and much of the relevant discovery will therefore be focused on that time period, including payroll and time records. However, the Parties also recognize that documents that are relevant to the Parties' claims and defenses and responsive to the Parties' discovery requests may be discoverable even if they were created, received, or generated prior to

11

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CASE NO. 3:14-cv-02096-RS

the limitations period. As a matter of compromise, the Parties will therefore search for documents and ESI generated, received or created from December 12, 2009 through the present, except as otherwise agreed among the Parties or upon order of the Court for good cause show. Plaintiffs maintain that because of the nature of the relationship between the McDonald's Defendants and Haynes alleged by Plaintiffs, including but not limited to Plaintiffs' allegations that the McDonald's Defendants exercise extensive control over franchisees like Haynes and are joint employers of Plaintiffs, any extant responsive documents relating to such topics are discoverable and should be produced even if they were created, received, or generated prior to the limitations period. Although the McDonald's and Haynes Defendants disagree, in the interest of compromise, Defendants agree to produce McDonald's franchise agreements with the Haynes Organization, as well as any re-writes or denials of franchise agreements with the Haynes Organization, rental/lease agreements, or amendments to any such agreements or contracts with the Haynes Organization regardless of the date of such documents or whether they were in effect during the class period. Additionally, the parties will meet and confer regarding production of marketing agreements or other contracts in effect prior to the class period.

## VI. Preservation

A. The Parties acknowledge that they have an obligation to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody, or control.

B. Unless otherwise provided in this Order, paper and electronic records that may contain non-duplicative information potentially relevant to the claims alleged in the Complaint, or any defenses thereto, or that may be reasonably calculated to lead to the discovery of admissible evidence, are subject to preservation.

C. The Parties agree that the circumstances of this case do not warrant the preservation, collection, review, or production of ESI that is not reasonably accessible because they anticipate that enough relevant information can be yielded from reasonably accessible sources and, as necessary and appropriate, supplemented with deposition discovery. Moreover, the remote possibility of additional relevant information existing in not reasonably accessible

12

sources is substantially outweighed by the burden and cost of preservation, collection, review, and production of ESI from sources that are not reasonably accessible. The Parties agree that the following ESI is not reasonably accessible:

1. Deleted, shadowed, damaged, residual, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary Internet files, history, cache, cookies, and the like.

4. Data stored on photocopiers, scanners, and fax machines.

5. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

6. Data maintained or duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes or other media, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten, or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy.

7. Server, system, or network logs.

8. Voicemail messages.

9. Data remaining from systems possessed by Plaintiffs or the McDonald's Defendants that is no longer in use that is unintelligible on the systems in use.

10. Logs of calls made from land-line phones.

11. Instant messages, such as messages sent on Lync Online, Microsoft Communicator or any other instant message platform, possessed by Plaintiffs or the McDonald's Defendants.

D. However, nothing herein shall prevent a Party from subsequently requesting that ESI or other Documents identified in VI.C above be preserved and produced if specific facts

13

demonstrate a particular need for such evidence that justifies the burden of preservation and retrieval.

E. The Parties agree that the circumstances of this case do not warrant the preservation, collection, review, or production of the following types of data:

1. Electronic data (e.g., email, calendars, contact data, text messages, voicemails, logs and notes) on cellular phones and mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices).

2. Video surveillance data.

The Parties further agree that they will not seek to use data from these sources as evidence in the litigation.

## VII. Privilege and Privilege Logs

A. The Parties agree that they need not exchange the text of litigation hold/retention instructions/preservation letters issued in this litigation as such instructions are presumed to be subject to withholding on the basis of the attorney-client privilege and work product doctrine, but the Parties reserve the right to request production of such documents.

B. The Parties agree that a Party need not include on a privilege log any document or communication that is dated on or after September 12, 2012 that is covered by the attorney-client privilege, attorney work product protection, and/or any other applicable privilege or protection.

C. A Party need only include one entry on the privilege log to identify withheld e-mails that constitute an uninterrupted dialogue between or among individuals (often referred to as an "e-mail thread"). E-mail threads may only be withheld in their entirety if all responsive portions are privileged; otherwise, threads should be produced with privileged portions redacted. Duplicative emails suppressed using email thread suppression need not be reflected on a Party's privilege log.

D. The Parties may agree to produce a privilege log containing categorical entries or a representative sample of the privileged documents being withheld, grouping privileged information by category or type; if a Party proposes this, it shall provide its best estimation of the number of privileged items that would otherwise appear in each category of withheld documents.

14

## IX. Third Party Documents

A Party that issues a non-Party subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the Parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein. The Issuing Party shall produce any documents obtained pursuant to a non-Party subpoena to the opposing Party. Nothing in this Stipulation is intended or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties or third parties to object to a subpoena.

## X. Good Faith

The Parties shall make their best efforts to comply with and resolve any differences concerning compliance with this Stipulation. If a Producing Party cannot comply with any material aspect of this Stipulation, such Party shall inform the Requesting Party in writing at or before the time of production as to why compliance with the Stipulation was unreasonable or not possible. No Party may seek relief from the Court concerning compliance with the Stipulation unless it has conferred with other affected Parties to the action.

## XI. No Effect on Discovery or Admissibility

This Stipulation does not address, limit, or determine the relevance, discoverability, agreement to produce, or admissibility of ESI. Nothing in this Stipulation shall be construed to affect the admissibility of any document or data. All objections to the admissibility of any document or data, except as to the authenticity of the documents produced by a Party as to which that Party stipulates, are preserved and may be asserted at any time.

## XII. Costs and Burden

Defendants believe that the burdens placed on them during this litigation, including during discovery, must be proportional to the litigation itself, including the natures of the claims and the amount in controversy. See Fed. R. Civ. P. 1, Fed. R. Civ. P. 26 (b)(2)(C). Defendants reserve the right to seek shifting or sharing of certain discovery costs, including vendor and attorney fees, in appropriate circumstances. See Fed. R. Civ. P. 26 (b)(2)(B), (C). Plaintiffs believe that each side is best positioned to control and bear its own cost, as is standard, in the absence of legal authority providing an exception to that normal rule and a basis for fee and cost-shifting.

Nothing in this Stipulation shall be deemed to limit, modify, or override any provision of any Protective Order signed by the Parties and entered by the Court in this matter. In the event of any conflict between this Stipulation and the Protective Order, the provisions of the latter shall govern.

**STIPULATED TO BY:**

Dated: 3/6/15

_____
Attorneys for Plaintiffs

Dated: 3/6/15

_____
Attorneys for Defendants MCDONALD'S CORPORATION, MCDONALD'S USA, LLC, and MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.

Dated: _____

_____
Attorneys for Defendant BOBBY O. HAYNES SR. AND CAROLE R. HAYNES FAMILY LIMITED PARTNERSHIP

Plaintiffs do not foresee any basis for Defendants to impose their discovery costs or attorney's fees on Plaintiffs.

### XIII. Protective Order

Nothing in this Stipulation shall be deemed to limit, modify, or override any provision of any Protective Order signed by the Parties and entered by the Court in this matter. In the event of any conflict between this Stipulation and the Protective Order, the provisions of the latter shall govern.

**STIPULATED TO BY:**

Dated: _____

_____
Attorneys for Plaintiffs

Dated: _____

_____
Attorneys for Defendants MCDONALD'S CORPORATION, MCDONALD'S USA, LLC, and MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.

Dated: March 6, 2015

*/s/ Regina A. Petty*

_____
Attorneys for Defendant BOBBY O. HAYNES SR. AND CAROLE R. HAYNES FAMILY LIMITED PARTNERSHIP

16

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CASE NO. 3:14-cv-02096-RS

FPDOCS 30421079.1

## ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation.

**IT IS SO ORDERED.**

Dated: 3/10/2015

_____
THE HONORABLE JUDGE RICHARD SEEBORG

17

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - CASE NO. 3:14-cv-02096-RS

FPDOCS 30421079.1