UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE SALAZAR, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>MCDONALD'S CORP., et al.,<br><br>   Defendants. | Case No. 14-cv-02096-RS (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 72, 75 |

## INTRODUCTION

This is a wage and hour putative class action brought on behalf of current and former McDonald's restaurant crew members at eight Bay Area restaurants that are or were franchised to Defendants Bobby O. Haynes Sr. and Carole R. Haynes Family Ltd. Partnership ("Haynes"). First Am. Compl. ("FAC"), Dkt. No. 34. Pending before the Court is a discovery dispute concerning various requests for documents ("RFPs") and special interrogatories Plaintiffs propounded on Haynes. Joint Letter ("Jt. Ltr."), Dkt. No. 72. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

Plaintiffs sued both McDonald's and Haynes contending they are joint employers of putative class members; McDonald's plans to challenge that assertion, and the presiding judge, the Honorable Richard Seeborg, has set a hearing date on the joint employer issue and a discovery cut-off date related to that issue. *See* Scheduling Order at 1, Dkt. No. 68 ("The parties will engage in discovery related to the anticipated joint employer summary judgment motion to be filed by the McDonald's Defendants through February 26, 2016."). Broader discovery remains open after February 26, 2016. *Id.* ("Discovery related to other issues, including class certification and merits

issues, may take place before and after February 26, 2016."). McDonald's motion for summary judgment on the joint employer issue is currently due on March 7, 2016, and Plaintiffs' motion for class certification is currently due June 24, 2016. Dkt. No. 68.

On February 12, 2016, the parties filed a Joint Discovery Letter wherein Plaintiffs assert Haynes has failed to respond to multiple RFPs and interrogatories Plaintiffs need to prepare for summary judgment and class certification. Jt. Ltr. at 1-4. For its part, Haynes proposes waiting to complete much of this discovery until after the depositions of the Haynes Defendants and Haynes' employees and further objects to the costs of completing discovery for electronically stored information ("ESI"). *Id.* at 5-6. After reviewing the letter, the Court ordered the parties to conduct a further in-person meet and confer, which took place on February 17, 2016 in the undersigned's chambers; the parties resolved several of their disputes and submitted a revised version of their discovery letter. Suppl. Jt. Ltr., Dkt. No. 75.

In their letter, the parties explain they have tentatively agreed to extend the deadlines for these motions by one month and "assume the current discovery and motions deadlines will be postponed pursuant to agreement of the parties and the Court." *Id.* at 1. The parties also came to various agreements as memorialized in their Supplemental Joint Discovery Letter, but two disputes remain: (1) the timing of Haynes' production of certain ESI; and (2) whether Plaintiffs may obtain the names and contact information of prospective class members. *Id.* at 1-2.

As to the first dispute, Haynes has collected ESI from Bobby Haynes, Sr., Bobby Haynes, Jr., Michele Haynes Watts, and store managers for the eight restaurants in the proposed class. The parties have agreed that Haynes will search the ESI it has collected from Bobby Haynes Jr. as follows and inform Plaintiffs of the number of hits for each search term listed in (a) below and each individual listed in (b) below:

(a) Search emails between Bobby Haynes, Jr. and Bobby Haynes, Sr., Michele Haynes Watts, any store manager of the eight stores in the proposed class, Steven Dubois, or Mohammed Moalikyar for the following terms:

a. ISP
b. "National Franchising" or NFS
c. Polic
d. Manual
e. Handbook

1
2
3
4

| | | |
|---|---|---|
| f. Guide | l. Violation | r. SOAR |
| g. Training | m. Break | s. SOR |
| h. Punch | n. "Meal period" | t. Eligib |
| i. Timekeeping | o. Overtime | u. "Operations review" |
| j. Labor | p. Staffing | v. "Business review" |
| k. PLE | q. ROIP | w. SSP |

(b) Search emails between Bobby Haynes, Jr. and each of the following individuals: Starla Spencer, Jennie Watt, Erick Deluna, Dan Gehret, Michelle Wherry, Mwaffak Kanjee, Donna Mohamed, and Gino Potesta. *Id.* at 1-2.

The parties will then meet and confer regarding search terms to use for production of documents from Bobby Haynes, Jr., and search terms to use for production of documents from Bobby Haynes, Sr., Michele Haynes Watts, and each of the managers of the eight stores during the proposed class period. The parties dispute the timing of these steps.

**LEGAL STANDARD**

Following the recent amendments to the Federal Rules of Civil Procedure in December 2015, Rule 26 now provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.*

The Advisory Committee Notes explain that "[r]estoring the proportionality calculation to Rule 26(b)(1) . . . does not place on the party seeking discovery the burden of addressing all proportionality considerations. Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Rather, the "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.* Under the Court's reading, the revised rule places a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery

requests, issuing responses and objections, or raising discovery disputes before the courts. *See id.*; *also compare Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case") *with Gilead Scis., Inc. v. Merck & Co, Inc.*, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) (holding that "a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case.").

Despite the recent amendments, Rule 26(c) continues to "confer[] broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

**A.    ESI Discovery**

The parties' timing dispute for the production of ESI appears to come down to whether they should meet and confer on the search results for the "hits" of the terms listed above before or after Haynes' depositions. Plaintiffs request an order setting a deadline of February 29, 2016 for Haynes to provide the number of "hits" described above and a deadline of March 2, 2016 for the parties to meet and confer regarding any narrowing of the search times as to the search terms for all of the proposed custodians. Suppl. Jt. Ltr. at 2. The parties note they have tentatively scheduled Mr. Haynes, Jr.'s deposition for March 14 and Ms. Haynes Watts' deposition for March 29. *Id.* Plaintiffs have also requested available dates for Mr. Haynes, Sr.'s deposition. *Id.* Plaintiffs contend they need ESI discovery from these custodians before their depositions in order to effectively depose them and because McDonald's has informed them that it "intends to object to the Haynes' depositions being held open to allow for later production of ESI." *Id.* In their initial letter, Plaintiffs noted that in their counsel's experience in another similar case against

1   McDonald's and another franchisee, the franchisee often has information and documents not
2   otherwise available from McDonalds. Jt. Ltr. at 4. In light of the foregoing, Plaintiffs request
3   Haynes be required to produce ESI from Bobby Haynes, Jr. no later than March 10, 2016; ESI
4   from Michele Haynes Watts' no later than March 24, 2016; and that the remaining ESI be
5   produced no later than April 14, 2016. Suppl. Jt. Ltr. at 2. As a final note, Plaintiffs state that,
6   "[i]f, after conducting the agreed-upon searches, [] Haynes can demonstrate that the burden of
7   complying with its discovery obligations would be disproportionate, plaintiffs remain willing to
8   meet and confer regarding the costs." *Id.* at 3.

9   Haynes objects to Plaintiffs' timing proposal on the grounds of proportionality and cost.
10   *Id.* at 3. Haynes "proposes that the parties meet and confer on the search results coinciding with
11   Bobby Haynes Jr.'s data and fine tune said searches for Mr. Haynes Jr. and any additional
12   custodians after Defendant Haynes' depositions are completed." *Id.* Haynes explains that
13   "Plaintiffs have been provided with a bevy of documents from co-defendant McDonald's which
14   entail communication between McDonald's and the various custodians requested by
15   Plaintiffs," and additionally until Haynes completes the initial ESI searches based on the terms
16   above "the parties will not know the amount of data that is at issue (and which will require
17   review)[.]" *Id.* It is "the potential cost of reviewing these documents that poses the greatest fiscal
18   hardship for Defendant Haynes." *Id.* Thus, Haynes requests the discussion about additional
19   searches and production of documents be postponed until after April 10. *Id.* Haynes explains that
20   "[i]there are additional areas that require subsequent questioning, Plaintiffs may ask those
21   questions of Defendant Haynes at a later date." *Id.*

22   Having considered the parties' positions, the Court finds little weight in Haynes' argument
23   to postpone discussion of the search terms and related production of documents. Haynes' primary
24   argument is about the costs of conducting this discovery, but the suggestion that Plaintiffs should
25   just re-depose Haynes and other potentially key witnesses if Plaintiffs are not adequately prepared
26   during the first depositions is not consistent with Haynes' cost argument. Rather, this suggestion
27   risks the potential for additional significant costs and unnecessary delays, and the benefit of
28   delaying is unclear. The truth is that even with the parties' potential extension of the motion

deadlines by one month, the time for discovery is running out, and the need for discovery is becoming more pressing. While proposing a second deposition may have made sense months ago, the needs of the case at this point require the parties to make more progress with discovery and to not unduly delay their ability to resolve their claims.

Indeed, Haynes has not challenged the relevance of the information Plaintiffs seek, only the costs of producing such information and theoretically the chance that the information Plaintiffs seek will not be particularly valuable. Although Haynes argues McDonald's may have already produced key information, Plaintiffs have explained that their counsel's experience in a similar case is that franchisees often have more information and documents unavailable to McDonald's. And regardless of Plaintiffs' counsel's experience, Haynes has not articulated why Plaintiffs' should be limited to McDonald's evidence, particularly as the information Plaintiffs seek is not solely related to the joint-employer issue but goes to other issues as well. The Court appreciates that discovery is often costly, but Haynes has not put forward an adequate argument about why discovery should be delayed, and even seems to arbitrarily risk the increase of discovery costs overall. *See Goes Int'l*, 2016 WL 427369, at *4 ("[A]lthough it is a concern, the defendant's financial wherewithal is not decisive."); Fed. R. Civ. P. 26(b) advisory comm. notes (2015 amendments) ("[C]onsideration of the parties' resources does not foreclose discovery requests addressed to an impecunious party, nor justify unlimited discovery requests addressed to a wealthy party."). Finally, the Court agrees with Plaintiffs that to be able to adequately prepare for the Haynes Defendants' depositions, they should have the documents to be able to fully question those witnesses and potentially pursue other lines of inquiry, such as authenticating documents, etc.

Accordingly, the Court shall adopt Plaintiffs' proposed discovery schedule and ORDERS that by February 29, 2016, Haynes shall provide the number of "hits" described above and by March 2, 2016, the parties shall meet and confer regarding any narrowing of the search times as to the search terms for all of the proposed custodians. Suppl. Jt. Ltr. at 2. Given the potential expense for Haynes, the Court encourages Plaintiffs to carefully and precisely delineate these search times and if possible, narrow or even more highly specify search terms within the broader search categories. The Court ORDERS Haynes to produce (1) ESI from Bobby Haynes, Jr. by no

later than March 10, 2016, (2) ESI from Michele Haynes Watts by no later than March 24, 2016, and (3) the remaining ESI by no later than April 14, 2016.

**B.      Prospective Class Member Data**

Finally, Plaintiffs request that Haynes produce "Prospective class members' names and contact information, job classifications, and dates of employment." Jt. Ltr. at 3; Suppl. Jt. Ltr. at 2. Specifically, Plaintiffs requested Haynes produce documents that (1) identify the names, employee ID numbers, last known personal addresses, telephone numbers, and email addresses of prospective class members (Jt. Ltr., Ex. B, RFP No. 13); (2) identify prospective class members' dates of employment, restaurant locations worked, and job titles during that time (*id.*, RFP No. 14); and (3) "[a]ll formal job descriptions or policy or guidance DOCUMENTS describing, identifying, or listing the job titles, responsibilities, qualifications, and duties of all non-exempt, hourly paid employees at COVERED RESTAURANTS for the CLASS PERIOD" (*id.*, RFP No. 15). *See* Jt. Ltr. at 3 (citing Ex. B, Responses to RFP Nos. 13-15 and Interrogatory No. 12).

In the Joint Letters, Haynes does not make specific arguments about why they refuse to provide this information. In the Supplemental Letter, the parties state Haynes opposes production of prospective class member data "on legal grounds" but do not provide those specific grounds. *See* Suppl. Jt. Ltr. at 1. As best the Court can glean from Haynes' arguments, the franchise believes McDonald's may have already provided this information. *See* Jt. Ltr. at 4 ("Plaintiffs are requesting a plethora of information and documents that duplicate requests propounded on co-defendant McDonald's Corp."). But Plaintiffs assert that "the McDonald's corporate defendants have not provided and claim not to have such prospective class member information. *Id.* at 3. In their discovery responses, Haynes generally asserts that such data merits privacy protections and is premature prior to class certification. Jt. Ltr., Ex. B, Responses to RFPs 13-15. Plaintiffs, however, contend that courts regularly order the production of prospective class members' information so long as that data is subject to a protective order to safeguard those prospective class members' privacy and assert that "[t]he Protective Order in this case is sufficient to ameliorate any prospective class member privacy concerns." *Id.* (citing Protective Order, Dkt. No. 40).

"[N]umerous courts in the Northern District of California have allowed pre-certification

discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members." *Benedict v. Hewlett-Packard Co.*, 2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013) (collecting cases, including several authored by the undersigned). Indeed, as this Court has previously noted, "[t]he disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011).

Haynes has raised no arguments about why such information should not be produced in this case, and from the Court's review of Plaintiffs' class claims in the First Amended Complaint as well as the parties' Protective Order, this information is properly discoverable. *See McCowen v. Trimac Transp. Servs. (W.), Inc.*, 2015 WL 5184473, at *3 (N.D. Cal. Sept. 4, 2015) ("Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court." (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)); *see also Brawner v. Bank of Am., N.A.*, 2014 WL 6845504, at *3 (N.D. Cal. Dec. 4, 2014) ("In its exercise of that discretion, the court may require the plaintiff either to make a prima facie showing that the Rule 23 class-action requirements are satisfied, or to show 'that discovery is likely to produce substantiation of the class allegations.'" (quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)). The discovery Plaintiffs seek is likely to produce information to help determine whether a class or subclasses exist and to otherwise support or substantiate Plaintiffs' class claims. *See McCowen*, 2015 WL 5184473, at *3 (N.D. Cal. Sept. 4, 2015) ("It is an abuse of discretion to deny discovery where it is necessary to determine the existence of a class or subclass." (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)); *see also Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 813 (C.D. Cal. 2007) (permitting the pre-class certification discovery to determine the location of potential class members, the dates of employment, and differences in job duties and compensation).

Furthermore, the information sought, while certainly requiring privacy protections, can be sufficiently safeguarded under the parties' Protective Order by marking the documents and data produced "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *See* Protective Order 2.3, 7.3. *See Currie-White v. Blockbuster, Inc.*, 2010 WL 1526314, at *4 (N.D. Cal. April 15,

1  2010) (holding that a protective order is sufficient to address the privacy issues regarding
2  employer's disclosure of employees' contact information in pre-certification discovery); *see also*
3  *Artis*, 276 F.R.D. at 353 (recognizing that more stringent protection measures may be necessitated
4  where more intimate privacy interests are at stake, "such as compelled disclosure of medical
5  records and personal histories."). That said, courts in this district have required that in contacting
6  class members, Plaintiffs' counsel is limited by the following requirements: (1) counsel must
7  inform each potential class member that he or she has a right not to talk to counsel and that, if he
8  or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact
9  that individual again; (2) during the initial communication, Plaintiffs' counsel must inform
10 potential class members that the undersigned compelled Haynes to disclose their contact
11 information and that the communication is highly confidential; and (3) any communications to
12 potential class members must be fair and accurate, and must not be misleading, intimidating, or
13 coercive. *See Brawner*, 2014 WL 6845504, at *4. These requirements strike the Court as a fair
14 and effective way to protect the privacy interests of the prospective class members.

15 Accordingly, the Court ORDERS Haynes to produce complete responses to RPD Nos. 13-
16 15 and Interrogatory No. 12 by May 1, 2016 in compliance with this Order (including the three
17 requirements above) and the Protective Order. The postponed deadline for this production should
18 assist Haynes with being able to comply with their other discovery obligations without undue
19 timing burdens.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

Based on the foregoing analysis, the Court **ORDERS** as follows:

(1) By February 29, 2016, Haynes shall provide the number of "hits" described above and by March 2, 2016, the parties shall meet and confer regarding any narrowing of the search times as to the search terms for all of the proposed custodians.

(2) Additionally, Haynes shall produce the ESI described in this Order as follows: (1) from Bobby Haynes, Jr. by no later than March 10, 2016, (2) from Michele Haynes Watts' by no later than March 24, 2016, and (3) the remaining ESI by no later than April 14, 2016.

(3) Haynes shall also produce complete responses to RPD Nos. 13-15 and Interrogatory No. 12 by May 1, 2016 in compliance with this Order and the Protective Order.

**IT IS SO ORDERED.**

Dated: February 25, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge