IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| | |
|---|---|
| GUADALUPE SALAZAR, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MCDONALD'S CORP., *et al.*,<br><br>Defendants. | CASE NO. 3:14-cv-02096-RS<br><br>[~~PROPOSED~~] ORDER (1) CERTIFYING SETTLEMENT CLASS, (2) GRANTING PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT, (3) DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; AND (4) SETTING DATES FOR FAIRNESS HEARING AND RELATED EVENTS |

Plaintiffs have filed a Motion for Preliminary Settlement Approval regarding their proposed class settlement with Defendant Bobby O. Haynes, Sr. and Carole R. Haynes Family Limited Partnership ("Haynes").  Having reviewed that motion, the accompanying memorandum of points and authorities in support of the motion and other supporting documents, the Settlement Agreement between plaintiffs and Haynes, and the record in this case, and for good cause shown, the Court hereby GRANTS plaintiffs' motion and ORDERS as follows:

## I.   CLASS CERTIFICATION

### a. Class Certified

For purposes of settlement, the parties have proposed provisional certification of a single settlement class under Federal Rule of Civil Procedure 23 comprising the following members:  All individuals currently or formerly employed as crew, crew trainers, or maintenance workers paid on an hourly basis ("crew members") at one or more of Haynes', 4ATX Partnership's, or BJGO Partnership's eight franchised McDonald's restaurants in California (the "Restaurants"), at any time within the period beginning on March 12, 2010 and ending on March 31, 2016.[1]

### b. Findings Regarding Conditional Certification

The Court hereby finds and concludes that the class satisfies all of the requirements for certification under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

   i. The class is sufficiently numerous (more than 1,200 current and former employees) that joinder is impracticable.

   ii. The members of the class share many common issues of fact and law, including: (1) whether Haynes' compensation system for crew members' wages and overtime payments was legal and sufficient to timely pay all crew members for time worked; (2) whether Haynes had a classwide practice of failing to permit crew members to take all legally mandated meal and rest breaks or to provide premium pay in lieu of a break; (3) whether Haynes failed to provide crew members with accurate, itemized wage statements, as required by the California

_____

[1] The Settlement Agreement identifies the addresses of the Restaurants.  The Settlement Agreement identifies 4ATX and BJGO Partnership as Haynes family entities that have operated certain of the Restaurants during part of the settlement class period.

Labor Code; (4) whether Haynes failed to maintain classwide records as required by the California Labor Code and IWC Wage Orders; (5) whether Haynes willfully failed to timely pay full wages to class members who quit or were discharged, as required by the California Labor Code; and (6) whether Haynes' classwide practice of failing to maintain crew member uniforms or to reimburse crew members for the necessary expenses of maintaining their own uniforms violated the California Labor Code and the IWC Wage Orders.

        iii.   The named plaintiffs' claims are typical because they arise out of the same policies, practices, and course of conduct complained of by all class members.

        iv.   The named plaintiffs are adequate representatives of the class, because their interests are co-extensive with those of the other class members and because they are represented by skilled and experienced class counsel.

        v.   Haynes has acted on grounds that apply generally to all members of the class, such that injunctive or declaratory relief regarding the class as a whole is appropriate.

        vi.   Questions of law or fact common to the class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

Accordingly, for the purposes of approving this Settlement, the Court certifies the proposed settlement class described in paragraph I.a above, under Rules 23(a), (b)(2), and (b)(3).

**II.   APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

    **a.   Class Representatives**

For purposes of settlement, the Court finds and concludes that plaintiffs Guadalupe Salazar, Genoveva Lopez, and Judith Zarate have claims typical of class members and are adequate representatives of them.  The Court hereby appoints Ms. Salazar, Ms. Lopez, and Ms. Zarate to serve as Class Representatives.

    **b.   Class Counsel**

The Court finds and concludes that Altshuler Berzon LLP and Cohen Milstein Sellers & Toll, PLLC have extensive experience and expertise in prosecuting wage-and-hour class actions and other employment law class actions.  The Court appoints these firms as class counsel.

**III. PRELIMINARY APPROVAL OF SETTLEMENT**

The Court has reviewed the terms of the Settlement Agreement between plaintiffs and defendant Haynes, including the Plan of Allocation and the releases.  The Court has also considered the declaration of Michael Rubin in support of preliminary approval.  Based on the Court's review of these papers and its familiarity with the case, the Court finds and concludes that the Settlement Agreement is the result of arms-length negotiations between the parties conducted after class counsel adequately investigated plaintiffs' claims and became familiar with the strengths and weaknesses of those claims and after class counsel assessed Haynes' financial status through review of confidential financial documents.  Based on all of these factors, the Court concludes that the proposed settlement satisfies the requirements for preliminary settlement approval.  The Settlement Agreement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the class is appropriate.  Accordingly, the Settlement Agreement is hereby preliminarily approved.

**IV. APPROVAL OF AGREED-UPON INJUNCTIVE RELIEF**

Pursuant to ¶¶25-27 of the Settlement Agreement, Haynes has agreed to implement the following provisions, beginning no later than 10 days of preliminary approval, which this Court hereby approves and orders:

   a. Haynes shall pay overtime premiums to any Plaintiff, Class Member, or future hourly employee who works more than eight hours in any designated workday (such designation to be made in advance in writing to the affected employee(s)) or if no workday is so designated, in any 24-hour period.

   b. Haynes shall review all time and payroll records at least once at the end of each pay period, either manually or through re-programming of its timekeeping and payroll software, and shall pay an additional one hour's wages to each Plaintiff, Class Member, or future hourly employee for each day during that pay period on which the time records (as may be adjusted in accordance with existing policy, upon approval of the affected employee and a representative of Haynes) reflect that such Plaintiff, Class Member, or future hourly employee was not provided all full and timely 30-minute meal periods as required by California law, and for each day during that pay period on which the time records reflect that such Plaintiff, Class Member, or future hourly employee was not provided all full and timely 10-minute paid rest breaks as required by California law.  For purposes of this paragraph, a first meal break is required for all shifts longer than five hours and is not timely if the records reflect that it began more than five hours after the beginning of a shift, and a second meal break is required for all shifts longer than 10 hours and is not timely if the records reflect that it began more than 10 hours after the beginning of a shift.  For purposes of this paragraph, a rest break is not timely if records reflect that it began or ended within 15 or fewer minutes of the

    beginning or end of a shift, work period, meal period, or another rest break. For purposes of this paragraph, an early or late meal period or rest break (including a meal period or rest break that is defined as not timely elsewhere in this paragraph) is deemed timely if the Plaintiff, Class Member, or future hourly employee acknowledges in writing prior to the close of the current pay period that he or she voluntarily requested to take such break early or late.

c. Haynes shall provide wage statements to Plaintiffs, Class Members, and futute hourly employees that separately record regular hours and overtime hours each pay period, the rate of pay, premium wages for missed, untimely, or short meal periods and rest breaks, and any deductions taken from that pay.

d. Haynes shall make available to each Plaintiff, Class Member, and future hourly employee a clean apron at the beginning of such employee's shift. Apron use will be at the employee's option and the apron must be turned in at the end of the employee's shift.

e. For five (5) years following final approval of the settlement, Haynes will provide a report documenting the implementation of and compliance with the injunctive relief described above to Plaintiffs' counsel every six (6) months using the mutually agreed-upon form attached to this Agreement as Exhibit 4.

## V. APPROVAL OF THE CLASS NOTICE, CLAIM FORM, AND MANNER OF DISTRIBUTION

The parties have submitted for this Court's approval a proposed class notice and a proposed claim form for what is likely to be a small number of class members who are required to submit a claim form to share in the settlement. The parties have also proposed a plan for disseminating these documents by mail to all class members after the Court grants preliminary approval of the settlement. The Settlement Agreement further provides that class members who do not receive notice of the settlement before the opt-out deadline will not be bound by the Settlement Agreement or release any claims. After carefully reviewing these documents and plan of dissemination, the Court finds and concludes as follows:

### a. Best Notice Practicable

The proposed class notices are the best notices practicable under the circumstances and will allow class members a full and fair opportunity to consider the principal settlement terms.

The class notices fairly, plainly, accurately, and reasonably inform class members of: (1) appropriate information about the nature of this action, the definition of the class, the identity of class counsel, and the essential terms of the Settlement Agreement, including the Plan of Allocation and the procedure for obtaining their settlement shares; (2) appropriate information about plaintiffs' and class counsel's forthcoming applications for service payments, attorneys' fees,

and expenses; (3) appropriate information about the procedures for final approval of the Settlement Agreement and the class members' rights to appear through counsel if they wish; (4) appropriate information about how to object to or elect not to participate in the Settlement, if a class member wishes to do so; and (5) appropriate instructions as to how to obtain additional information regarding this action and the settlement.  Similarly, the Settlement Agreement and proposed claim forms allow class members a full and fair opportunity to submit a claim for proceeds under the Settlement, where necessary.  The class notices fairly, accurately, and reasonably inform class members how to submit a claim form if one is required, and instruct class members that, for those class members required to submit a claim form, failure to complete and submit such a claim form in the manner and time specified will constitute a waiver of any right to obtain any share of the proceeds under the relevant settlement.

### b. Approval of Notice, Claim Form, and Plan of Distribution

The proposed plan for disseminating the class notices is reasonably calculated to reach all individuals who would be bound by the Settlement Agreement.  The Claims Administrator will distribute the class notices to all class members by first-class mail to their last known address (including any updated addresses that may be discovered through reasonable methods).  The Claims Administrator will also track non-delivered notice materials and take reasonable steps to re-send them to the correct, current addresses.

The Court finds and concludes that the proposed plans for disseminating the class notices will provide the best notice practicable and satisfies the notice requirements of Rule 23(e) and all other legal and due process requirements.  The Court hereby orders as follows:

    i. The form of the class notices and claim forms are approved.

    ii. The manner of distributing the class notices to the class is approved.

    iii. Promptly following the entry of this order, the Claims Administrator shall prepare final versions of the class notices and claim forms, incorporating into them the relevant dates and deadlines set forth in this Order.

    iv. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement.

v. No later than fifteen (15) business days after entry of this Order, Haynes shall provide to the Claims Administrator, in electronic form, the Putative Class List described in ¶16.b of the Settlement Agreement. The Claims Administrator shall provide class counsel a copy of the Putative Class List, after removing social security numbers. The Putative Class List will be treated as Highly Confidential under the protective order in this action, but no further restrictions will be imposed on class counsel's use of the information in the Putative Class List.

vi. No later than ten (10) business days after receipt of the Putative Class List from Haynes, the Claims Administrator shall mail the class notice to all class members and shall email the class notice to all class members whose email addresses are known, in accordance with ¶16.d of the Settlement Agreement.

vii. The class notices shall inform the class members that, as provided in the Settlement Agreement, the deadline for submitting a claim form, submitting any objection, or opting out of the Settlement shall be seventy-five (75) calendar days after the postmark date of the mailing of class notices and claim forms.

viii. The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

**VI.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

    **a.  Final Approval Hearing**

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for September 7, 2017.

    **b.  Deadline to Elect Not to Participate in the Settlement**

        i.  <u>Form of Election</u>

Class members may exclude themselves from participating in the Settlement. Any opt-out statement, to be valid, must state the name, telephone number, and current address of the class member, the years the class member worked at a Haynes-franchised restaurant, and the address to which the class member's claim form was mailed. The opt-out statement must include the following language: "I, [NAME], voluntarily choose not to participate in the settlement of my claims against my current or former employer Bobby O. Haynes, Sr. and Carole R. Haynes Family

Limited Partnership d/b/a/ McDonald's ("Haynes") and hereby waive any rights I may have to participate in the Settlement against Haynes in the federal court lawsuit entitled *Salazar et al. v. McDonald's Corp. et al.*, N. D. Cal. No. 3:14-cv-02096-RS." The opt-out statement must be personally signed by the class member who seeks to opt out. No opt-out request may be made on behalf of a group of class members.

### ii. Deadline for Submitting Election

Absent a showing of good cause and in accordance with the procedures set forth in the Settlement Agreement, no opt-out statement shall be honored if it is postmarked more than seventy-five (75) calendar days after the postmark date of the class notices. Requests to opt out that do not include all required information or that are not submitted on a timely basis shall be deemed null, void, and ineffective. If a class member files both an opt-out statement and a claim form, the opt-out statement shall be deemed invalid and the class member's claim form and release of claims shall be valid and controlling.

### c. Deadline for Filing Objections to Settlement

Any class member who does not timely opt out may object to the Settlement. The class notices shall provide that class members who wish to object to the Settlement must mail a written statement of objection subject to the provisions set forth below:

i. Any such objection must be filed with the Clerk of the Court and served on all counsel identified in the class notices no later than seventy-five (75) calendar days after the postmark date of the mailing of class notice and claim form.

ii. The postmark date of the mailing shall be the exclusive means for determining whether an objection is timely. The objection must state the basis for the objection.

iii. Class members who receive notice of the Settlement before the deadline for opting out and who fail to make objections in the manner specified shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, and the Settlement shall be fully binding upon them.

### d. Deadline for Submitting Claim Forms

Absent a showing of good cause in accordance with the procedures set forth in the

1  Settlement Agreement, no claim form shall be honored if postmarked more than seventy-five (75)
2  calendar days after the class notice mailing date.  Any class members who receive notice of the
3  Settlement before the deadline for opting out and who are required to submit a claim form pursuant
4  to the Settlement Agreement but who, without good cause, submit a claim form postmarked more
5  than seventy-five (75) calendar days after the date the claim forms are mailed to class members
6  shall be deemed to have waived irrevocably any right in or claim to a settlement share, but the
7  Settlement shall nevertheless be fully binding on such class members subject to the terms set forth
8  herein.  The Claims Administrator shall notify class counsel and Haynes' counsel within five (5)
9  calendar days of receipt of each untimely claim form.  The Claims Administrator shall accept class
10 counsel's and Haynes' joint determination of whether good cause exists for honoring an untimely
11 claim form.  Class counsel and Haynes' agreement that good cause exists will not be unreasonably
12 denied.  If class counsel and Haynes do not agree on whether good cause exists, the party who
13 believes good cause does not exist shall present the dispute to the Court for resolution.  If that party
14 does not promptly present the dispute to the Court, the Claims Administrator will accept that good
15 cause exists and will honor the untimely claim form.

16  The Claims Administrator shall handle any timely but deficient claim forms in the manner
17 specified in the Settlement Agreement.

### e. Deadline for Submitting Motion Seeking Final Approval

No later than twenty-eight (28) days before the Final Approval Hearing, plaintiffs shall file a motion for final approval of the settlement.  One week or more before the final approval hearing, the parties may file a reply brief responding to any filed objections.

### f. Deadline for Motion for Class Representative Service Payments

No later than twenty-eight (28) days before the final approval hearing, plaintiffs may file a motion for approval of their Class Representatives' service awards.  One week or more before the final approval hearing, plaintiffs may file a reply brief responding to any filed opposition to the motion.

### g. Deadline for Motion for Class Counsel Attorney's Fees and Costs

No later than twenty-eight (28) days before the close of the 75-day period for submitting

8

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT WITH HAYNES DEFENDANT; CASE NO. 3:14-cv-02096-RS

requests for exclusion or objections, class counsel may file a motion for approval of their attorneys' fees and costs. This amount of time provides class members with sufficient time to file any objection they might have to the application. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). One week or more before the final approval hearing, class counsel may file a reply brief supporting the motion or responding to any filed opposition.

### h. Schedule for Final Approval of Proposed Class Settlement

Consistent with the rulings set forth above, the Court orders the following scheduled for providing notice to the members of the provisionally certified class and for the Court's consideration of whether the proposed class settlement should be granted final approval:

| Event | Time Limits According to Agreement |
|---|---|
| Defense counsel to provide Putative Class List to Claims Administrator | May 25, 2017<br><br>(within 15 business days after Preliminary Approval Order) |
| Claims Administrator to Mail Class Notice | June 9, 2017<br><br>(within 10 business days after receiving Class List) |
| Class Counsel to File Motion for Attorneys' Fees and Costs | July 26, 2017<br><br>(At least 28 days before opt-out deadline) |
| Deadline for submitting requests not to participate, objections, and filing Claim Forms | August 23, 2017<br><br>(75 days after the Class Notice is mailed) |
| Class Counsel to file Motion for Named Plaintiffs' Service Awards and Motion for Final Approval | August 10, 2017<br><br>(28 days prior to Final Approval Hearing) |
| Final Approval Hearing | September 7, 2017<br><br>(No sooner than 120 days after the Preliminary Approval Order) |

## VII. RELEASE OF CLAIMS

If, at or after the Final Approval Hearing, this Court grants final approval to the Settlement, plaintiffs and every class member who receives notice of the settlement before the deadline to opt out (as described in the Settlement Agreement) and who does not file a timely and complete election to opt out of the Settlement shall, pursuant to the Settlement Agreement, be adjudicated to

9
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT WITH HAYNES DEFENDANT; CASE NO. 3:14-cv-02096-RS

have forever released and discharged all settled claims as defined in the Settlement Agreement. All class members who submit a valid claim form shall be deemed to have opted in to the class action and shall thereby release their claims.

**VIII.   APPOINTMENT OF CLAIMS ADMINISTRATOR**

RG/2 Claims Administration LLC is hereby appointed Claims Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.  The costs and expenses of printing and mailing the class notices and other costs of settlement administration shall be paid by Haynes, pursuant to the provisions of the Settlement Agreement.

The Court shall retain jurisdiction for the purposes of implementing the provisions of this Order and reserves the right to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement and to resolve any and all disputes that may arise thereunder.

**IT IS SO ORDERED.**

Date:   May  4 , 2017

_____
HON. RICHARD SEEBORG
United States District Court Judge