IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| | |
|---|---|
| GUADALUPE SALAZAR, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MCDONALD'S CORP., *et al.*,<br><br>Defendants. | CASE NO. 3:14-cv-02096-RS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

Plaintiffs' Motion for Attorneys' Fees and Costs came before the Court for hearing on September 7, 2017.  Having reviewed that motion, the accompanying memorandum of points and authorities and other supporting documents, the arguments of counsel, the settlement agreement between plaintiffs and defendant Bobby O. Haynes, Sr. and Carole R. Haynes Family Limited Partnership ("Haynes"), and the record in this case, and for good cause shown, the Court hereby GRANTS plaintiffs' motion for an award of $30,000 in attorneys' fees and $10,000 in costs and expenses, to be paid from the $235,000 gross settlement fund created by the class settlement between plaintiffs and Haynes.

Class counsel has engaged in years of intense litigation, involving production and review of hundreds of thousands of pages of discovery, more than a dozen depositions, and numerous substantive and discovery-related motions.  The settlement with Haynes, which reflects Haynes' financial conditions and which was reached after lengthy negotiations conducted in part with the assistance of Magistrate Judge Corley, provides class members with an immediate and certain economic recovery as well as valuable injunctive relief.

Class Counsel's fees request is easily justified by the common fund percentage-of-the-fund method of evaluating attorneys' fees requests.  Class Counsel's fees should be paid from the common fund created by the settlement because all class members should contribute their fair share of the costs of litigation from which they benefited.  The requested fees award represents less than 13% of the $235,000 gross settlement fund, which is well below the 33 1/3% generally awarded in cases governed by California law.  *See, e.g.*, *Laffitte v. Robert Half Int'l, Inc.*, 1 Cal.5th 480, 485-86, 488, 503-04 (2016); *Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n.11 (2008).  The requested fees award is also well below the Ninth Circuit's 25% "benchmark" for federal common fund fees awards.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

The fees request is also reasonable when evaluated using the lodestar method.  The Court has reviewed the supporting declarations of Class Counsel and the Court finds that the hours and rates used to calculate Class Counsel's lodestar are reasonable.  Using the reasonable hours and rates set forth therein, Class Counsel's total lodestar in this matter exceeds $2.5 million.  If time attributable solely to litigation of plaintiffs' claims against the McDonald's defendants is excluded,

Class Counsel's lodestar continues to exceed $700,000. Under either measure, the requested attorneys' fees award amounts to less than five percent of Class Counsel's lodestar. Though the circumstances here would justify a request by Class Counsel for a positive risk multiplier to be applied to their lodestar, the requested fees award instead reflects a sizable *negative* multiplier. The fact that Class Counsel seek to recover less than five percent of their lodestar further underscores the reasonableness of the requested fees award.

The court finds that Class Counsel are also entitled to reimbursement from the gross settlement fund of $10,000 for litigation costs and expenses reasonably incurred, an amount that represents less than 22% of the costs and expenses class counsel actually incurred in litigating plaintiffs' claims against Haynes. Like attorneys' fees, these expenses should be paid from the common fund because all class members should contribute their fair share to the costs of litigation from which they benefitted. The Court has reviewed the supporting declarations of Class Counsel and finds that the costs and expenses for which they seek reimbursement were necessary to the prosecution of this litigation, were the sort of expenses normally billed to paying clients, and were incurred for the benefit of the class. *See, e.g.*, *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys should recover reasonable out-of-pocket costs of the type ordinarily billed to paying clients).

The Court finds that notice of the requested award of attorneys' fees and reimbursement of costs and expenses was directed to class members in a reasonable manner that complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure. Class Counsel filed their Motion for Attorneys' Fees and Costs on July 26, 2017, class members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no class member or other party has objected to the requested fees or expenses. The absence of any objection further supports the reasonableness and fairness of the requested award.

For all of these reasons, plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED and Class Counsel is awarded $30,000 in attorneys' fees and $10,000 in costs.

1    **IT IS SO ORDERED.**

2    Date:   September 15, 2017

   _____
3    HON. RICHARD SEEBORG
   United States District Court Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28