IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – San Francisco

| | |
|---|---|
| GUADALUPE SALAZAR, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MCDONALD'S CORP., *et al.*,<br><br>Defendants. | CASE NO. 3:14-cv-02096-RS<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND CONSENT DECREE** |

Plaintiffs' Motion for Final Approval of Class Action Settlement came before the Court for hearing on September 15, 2017.  Having reviewed the final approval motion, the accompanying memorandum of points and authorities and other supporting documents, the arguments of counsel, the Settlement Agreement between plaintiffs and defendant Bobby O. Haynes, Sr. and Carole R. Haynes Family Limited Partnership ("Haynes"), Dkt. 278-1 ("Settlement"), and the record in this case; and for good cause shown, the Court hereby grants plaintiffs' motion for final settlement approval, awards service payments of $1,500 to each of the named plaintiffs to be paid from the $235,000 gross settlement fund, and enters the following Final Judgment and Consent Decree.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. All defined terms used in this Final Judgment and Consent Decree have the same meanings as set forth in the Settlement.

2. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all Settlement Class Members.

3. The Court finds and concludes that adequate notice has been given to the class as directed in the preliminary approval order, which notice was the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.  The Court further finds and concludes that notice was provided to appropriate state and federal officials in accordance with all applicable laws, including Cal. Labor Code § 2699(*l*)(2) and the federal Class Action Fairness Act.

4. Settlement Class Members were given a full opportunity to participate in the final settlement hearing, and all Settlement Class Members and other persons wishing to be heard have been heard.  Accordingly, the Court determines that all class members who received notice of the Settlement before the deadline to opt out (as described in the Settlement) and who did not timely and properly opt out are Settlement Class Members bound by this Final Judgement and Consent Decree.  In accordance with paragraph 1(bb) of the Settlement, class members who did not receive notice of the settlement before the opt-out deadline are not Settlement Class Members and thus are not bound by this final Judgment and Consent Decree.

5.     The Court hereby finally approves in all respects the Settlement and finds that the Settlement and the plan of distribution and allocation are, in all respects, fair, just, equitable, reasonable, and adequate for the class.  The Court also finds that the Settlement is in the best interest of the class members and that extensive arm's-length negotiations have taken place in good faith between class counsel and counsel for the released parties resulting in the Settlement.  The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting final approval.  The Court approves the Settlement and directs the Settlement to be implemented in accordance with the terms and conditions set forth therein.

6.     To permit class counsel to fulfill their obligations to class members, no fewer than 14 days before the distribution of Settlement payments to Settlement Class Members, the claims administrator shall provide class counsel with the amount of the payments to be received by each identified class member and the underlying calculations, without removing class member identifying information.

7.     Pursuant to ¶¶25-27 of the Settlement and this Court's May 4, 2017 Order granting preliminary approval of the settlement (Dkt. 290 at ECF 4-5), Defendant Haynes has already been ordered to implement the injunctive relief required by the Settlement beginning on May 14, 2017, ten days after the preliminary approval order.  The Court re-incorporates the Settlement's injunctive relief provisions into this Final Judgment and Consent Decree:

    a. Haynes shall pay overtime premiums to any Plaintiff, Class Member, or future hourly employee who works more than eight hours in any designated workday (such designation to be made in advance in writing to the affected employee(s)) or if no workday is so designated, in any 24-hour period.

    b. Haynes shall review all time and payroll records at least once at the end of each pay period, either manually or through re-programming of its timekeeping and payroll software, and shall pay an additional one hour's wages to each Plaintiff, Class Member, or future hourly employee for each day during that pay period on which the time records (as may be adjusted in accordance with existing policy, upon approval of the affected employee and a representative of Haynes) reflect that such Plaintiff, Class Member, or future hourly employee was not provided all full and timely 30-minute meal periods as required by California law, and for each day during that pay period on which the time records reflect that such Plaintiff, Class Member, or future hourly employee was not provided all full and timely 10-minute paid rest breaks as required by California law.  For purposes of this paragraph, a first meal break is required for all shifts longer than five hours

      and is not timely if the records reflect that it began more than five hours after the beginning of a shift, and a second meal break is required for all shifts longer than 10 hours and is not timely if the records reflect that it began more than 10 hours after the beginning of a shift.  For purposes of this paragraph, a rest break is not timely if records reflect that it began or ended within 15 or fewer minutes of the beginning or end of a shift, work period, meal period, or another rest break.  For purposes of this paragraph, an early or late meal period or rest break (including a meal period or rest break that is defined as not timely elsewhere in this paragraph) is deemed timely if the Plaintiff, Class Member, or future hourly employee acknowledges in writing prior to the close of the current pay period that he or she voluntarily requested to take such break early or late.

    c. Haynes shall provide wage statements to Plaintiffs, Class Members, and future hourly employees that separately record regular hours and overtime hours each pay period, the rate of pay, premium wages for missed, untimely, or short meal periods and rest breaks, and any deductions taken from that pay.

    d. Haynes shall make available to each Plaintiff, Class Member, and future hourly employee a clean apron at the beginning of such employee's shift.  Apron use will be at the employee's option and the apron must be turned in at the end of the employee's shift.

    e. For five (5) years following final approval of the settlement, Haynes will provide a report documenting the implementation of and compliance with the injunctive relief described above to Plaintiffs' counsel every six (6) months using the mutually agreed-upon form attached to the Settlement as Exhibit 4.

8. The Court hereby finds that class counsel have fairly and adequately represented the class for all purposes, including entering into and implementing the Settlement.

9. Except as otherwise provided in the Settlement, the Court finds that the Settlement disposes of all issues and claims in this action as to the Released Parties, hereby enjoins all Settlement Class Members from pursuing or seeking to reopen any Settled Claims against the Released Parties, and hereby dismisses the above-captioned action against the Released Parties with prejudice as to the class representatives and all Settlement Class Members and without costs. As reflected in the Settlement, the Released Parties do not include the McDonald's Defendants, as to which this Court previously entered a separate order of judgment under Federal Rule of Civil Procedure 54(b).  Dkt. 283.

10. The Court finds that a service award of $1,500 for each named plaintiff/class representative is appropriate for the class representatives' efforts in bringing and prosecuting this action and for devoting time and effort to keeping themselves informed of the litigation, and hereby orders the Claims Administrator to pay each named plaintiff/class representative a $1,500 service award in accordance with the Settlement.

11. Class counsel have moved for an award of attorneys' fees and reimbursement of litigation expenses. Class counsel's motion will be addressed by a separate order.

12. Without affecting the finality of this Final Judgment and Consent Decree in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; and (b) the parties and the Settlement Class Members for the purpose of construing, enforcing, and administering the Settlement and this Final Judgment and Consent Decree.

**IT IS SO ORDERED.**

Date: September 15, 2017

_____
HON. RICHARD SEEBORG
United States District Court Judge